SMITH, Justice.
Richard Short was tried in the Circuit Court of Sunflower County upon an indictment for assault and battery with intent to murder. He was convicted and sentenced to serve a term of ten years in the penitentiary. It is from that conviction and sentence that he prosecutes this appeal.
The assault, which gave rise to the prosecution, was particularly vicious and brutal. At about 9:15 on the night of June 30, 1967, a young woman was parked in her automobile in front of a theatre in the City of Indianola where she had gone to pick up her sister who worked there. As she sat in her car, a man who had been loitering on the sidewalk in front of the theatre suddenly opened the door and got in. As he *546 did so, he' ordered her to “crank up and drive.” She began struggling with him and screamed and blew the horn. She tried to get the key out of the lock but he grabbed her hand and started pumping the accelerator causing the car to jump onto the curb. He then told her “ * * * drive, god damn your soul. I’ll cut your god damn throat.” He did then cut her throat and also stabbed her three or four times, breaking several ribs. Whereupon, he jumped from the car and ran. The entire incident was over in a few moments. Apparently there was no eyewitness other than the victim, who had never seen the man before, and the basic question in the case relates to identification of the appellant, Richard Short, as the assailant.
As the investigation progressed and while the victim was convalescing in a hospital, young men, a total of eight or nine in all, were brought to her hospital room from time to time for possible identification. One of these was appellant whom she there identified as having been her assailant.
When the case came on for trial, and before proceeding with the trial, the defendant filed a motion to “suppress and exclude any and all evidence or testimony” of the victim and of any other person present as to his identification at the hospital. As grounds for the motion he assigned (1) The identification was made at a time when he was without counsel, (2) He was required to put on clothes such as those worn by the assailant, and (3) He was required to speak words used by the assailant during the assault.
He alleged that this violated his right to remain silent and not to give evidence against himself. Appellant testified in support of this motion and also called the chief of police as a witness. That officer testified that appellant had been picked up as a suspect on July 3 and brought to police headquarters for questioning. He said that after he was advised of his “constitutional rights” Short stated that he “did not want to talk and that he would like to have a lawyer.” Nothing was done, however, about obtaining a lawyer for appellant, and he was taken to the hospital where he was confronted by the assault victim. He was required to wear clothes similar to those described as having been worn by the assailant, to walk about, to turn his profile and to speak the words spoken by the assailant during the assault episode.
Upon this evidence, the court overruled the motion.
The trial proceeded, a jury was placed in the box and the victim was allowed to testify in detail, over a continuing objection, as to her identification of appellant at the hospital.
In the course of her testimony regarding the hospital identification, she was asked, “ * * * do you see this party in the courtroom today ?” She answered, “Yes, sir.” She was then asked, “Do you know his name?” She said, “Richard Short.” Thereupon she pointed out the appellant as he sat with his attorneys in the courtroom.
On cross-examination, this witness testified that another man had been brought to the hospital by the sheriff for her to “look at” after she had identified appellant. She said that the sheriff had asked her about this man “If he had on that yellow shirt it could be him you think” and that she had replied, “It might could be but I still say it was the other one (appellant).” She later testified:
Q. Now are you positive that Richard Short is the assailant?
A. Yes, sir.
She stated that she had seen him twice since the first identification.
Appellant assigns as error the hospital confrontation and the identification of appellant in the hospital at a time when he was without the assistance of counsel. See Biggers v. State of Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267
*547 (March 18, 1968); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). However, we do not reach the issues considered in those cases.
In the case before us, the prosecution adduced the evidence of the hospital identification as part of its case in chief, the only purpose of which was to bolster the witness’s “in court” identification of appellant. The motion to exclude this evidence should have been sustained. Its admission, under the circumstances in the record, was prejudicial error and requires that the case be reversed and remanded for another trial. See 22A C.J.S. Criminal Law § 725 (1961); Moore v. State, 102 Miss. 148, 59 So. 3 (1912).
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, BRADY and PATTERSON, JJ., concur.