A.K. Butler, appellant, was convicted in the Circuit Court of Leake County of breaking and entering with intent to commit rape. We hold that the evidence supports the conviction, there was probable cause for Butler's arrest, and evidence of an extrajudicial identification of defendant was not error, in view of the totality of the circumstances and the time of the confrontation.
The jury accepted the State's evidence, to the following effect: Mrs. Callie Creel lived in a rural community with her eleven-year old granddaughter, Patsy Creel. On a Sunday night while she was reading to Patsy in the living room, they saw a man at a window and told him to go away. He left for a while. When they heard a noise outside, Patsy went to the back porch, got an ax, brought it inside and locked the doors. A man asked them to open the door, which they refused to do. *Page 5 
He told them that if they did not let him in, he would break in and kill them both. Mrs. Creel and Patsy then went into the back bedroom and locked the door.
The man broke the glass on the front door, entered the house, and began trying to break down the bedroom door. Patsy held an unloaded shotgun, and Mrs. Creel held the ax. After the man began trying to break down the door, Mrs. Creel opened it. The light was on in the bedroom, and both of them had ample opportunity to see and observe the intruder. He was the defendant, a Negro man. Butler pointed at Patsy and stated that she was prettier than he had thought she was. He made an obscene statement to the effect that he wanted to have sexual relations with Patsy, and made a move toward her, whereupon Mrs. Creel hit him with the ax, Patsy struck him with the gun barrel, and they continued hitting him a number of times. Butler fell to the floor and was lying, unmoving, when they ran from the house to a neighbor's residence and notified the sheriff.
There was ample evidence to support the jury's finding that Butler was guilty of breaking and entering with intent to commit rape. He denied he was at the Creel house that night, asserting that he was at his own home. However, the jury found against defendant on this issue. Miss.Code 1942 Ann. § 2036 (1956). Criminal intent may be proved by circumstantial evidence, and may be inferred from the time and the manner in which the entry was made, and the conduct of the accused after the entry. A specific intent to rape is not only consistent with what defendant said that night, but also with his overt acts. The matter having been submitted to the jury on proper instructions, it was justified in so concluding. Fondren v. State, 253 Miss. 241, 175 So.2d 628
(1965); Newburn v. State, 205 So.2d 260 (Miss. 1967).
Sheriff Russell Edwards went to the Creel house accompanied by Deputy Sheriff Watkins and Jack Adams. The officers found that the glass pane in the door was broken on the side next to the inside latch. They had been told that the women had killed a Negro man. However, when they arrived, they found only a large puddle of blood in the hallway, and followed bloodstains out the door to the front steps. Watkins learned that Butler lived in the neighborhood, so in the process of investigation they drove to his house, walked to the door, and saw blood on the side of the door next to the doorknob. The place was dark and quiet. The sheriff knocked several times, and receiving no answer, he kicked the door open and saw defendant sitting on a bench with blood running over his face, down his clothes and onto the floor. He acted as if he was "drunk" and resisted arrest.
Appellant contends that there was no probable cause for Butler's arrest, but we do not agree. The sheriff was advised that the intruder was a Negro man. He investigated and found a pool of blood in the hall and trailed it for a short distance to the front of the house. In the process of investigation, the sheriff ascertained that Butler lived in the neighborhood, and when he went to his house, he saw blood on the door, which the jury was warranted in concluding was fresh blood. A felony had been committed, and all of the facts constituted probable cause for the sheriff to believe that the felon was in the house upon whose door was the blood. Miss. Code 1942 Ann. § 2470 (1956); see Leflore v. State, 197 Miss. 337, 22 So.2d 368 (1945).
Mrs. Creel and Patsy made positive and unequivocal in-court identifications of Butler as the offender. He had stalked that night from a dark room into a brightly lighted bedroom and they had ample opportunity during several minutes to see him and know his identity. The in-court identification was therefore positive and factually supported by the plenary opportunity of the two prosecuting witnesses to identify him. However, the State on the *Page 6 
direct examinations of Mrs. Creel and Deputy Sheriff Watkins interrogated them about an extrajudicial identification of Butler, when Mrs. Creel and Patsy were brought to the hospital to see him. Appellant assigns this as error.
Stovall v. Denno, 388 U.S. 293, 296, 87 S.Ct. 1967, 1969, 18 L.Ed.2d 1199, 1203 (1967), held that the rules adopted in Wade
and Gilbert, applying a "per se exclusionary rule" to extrajudicial confessions and requiring an independent source for a judicial identification, "affect only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after this date," i.e., June 12, 1967. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California,388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The out-of-court identification in the instant case occurred on October 2, 1966, so Wade and Gilbert do not apply here. See Poole v. State,216 So.2d 425 (Miss. Dec. 9, 1968).
Therefore, under Stovall v. Denno the question is whether "the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification that he [the defendant] was denied due process of law." 388 U.S. at 302, 87 S.Ct. at 1972, 18 L.Ed.2d at 1206. Whether the conduct of the confrontation and its introduction in evidence violates due process of law depends upon the totality of the circumstances surrounding it.
There was an unusually clear opportunity for the two prosecuting witnesses to observe Butler during the commission of the crime. It is manifest that the witnesses' testimony was not based upon or tainted by potentially misleading circumstances in the earlier identification. It was entirely reasonable for the officers to bring Mrs. Creel and Patsy to the hospital shortly after defendant's arrest to see if the victims identified him. This was neither the time nor place for a line-up. Viewing the totality of the circumstances and the desirability and need for the hospital confrontation, no violation of defendant's constitutional rights have been demonstrated. Cf. People v. Rivera, 22 N.Y.2d 453, 293 N.Y.S.2d 271, 239 N.E.2d 873 (1968).
The State should not offer in evidence testimony concerning an extrajudicial identification. In closely contested cases that practice has been condemned consistently by this Court as an improper effort to bolster the witness' judicial identification of defendant. Short v. State, 211 So.2d 545 (Miss. 1968); Anderson v. State, 171 Miss. 41, 156 So. 645 (1934); Cody v. State, 167 Miss. 150, 148 So. 627 (1933); Moore v. State,102 Miss. 148, 59 So. 3 (1912); see Annot., 71 A.L.R.2d 449 (1960). With reference to confrontations for identification purposes conducted in the absence of counsel after June 12, 1967, Gilbert v. California establishes "a per se exclusionary rule as to such testimony." 388 U.S. 275, 87 S.Ct. 1951, 18 L.Ed.2d 1186 (1967).
In the instant case, there is no such uncertainty of identification or lack of visual opportunity to see and remember as to render the hospital identification potentially misleading or suggestive. Its admission in evidence was not error. Finally, under the totality of the circumstances, we believe that the admission of such evidence, even if error, was harmless beyond a reasonable doubt. Chapman v. Calif., 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Miss.Sup.Ct.Rule 11 (1967).
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur. *Page 7