ROBERTSON, Justice:
The appellant, Culet Simes, was indicted, tried and convicted in the Circuit Court of the Second Judicial District of Jones County, Mississippi, of the crime of breaking and entering a dwelling house with intent to commit rape, and was sentenced to serve a term of 15 years in the State Penitentiary.
The only one of the three assignments of error that requires discussion is that the trial court erred:
“In Allowing Testimony to go [to] the Jury Over the Objection of the Defense That the Defendant was Ordered to Stand in a Lineup and That the Prosecu-trix Identified Him as Her Assailant at a Time When His Counsel was Not Present”
Apparently the thrust of this assignment of error is that appellant was identified “at a time when his counsel was not present”.
In this case, the crime was committed on March 30, 1970, and within a few minutes after obtaining a description of her assailant, Deputy Sheriff Brownlee picked up *706 the appellant and his brother and took them over to the neighbor’s house where Mrs. Laird, the victim, had run after the attack on her. She positively and unequivocally identified the appellant as her assailant. His brother was promptly released, and the appellant was then formally arrested. He was taken to the jail, dressed in prison clothes, and an hour or so later, still on March 30, 1970, the appellant was placed in a lineup with five other men, some of whom were black and some of whom were white. Mrs. Laird, the prose-cutrix, again clearly and positively identified the appellant as her assailant.
The indictment was returned at the September, 1970, term of the Circuit Court and Culet Simes first appeared before the Circuit Judge on September 25, 1970. At that time, the Circuit Judge noted that appellant did not have a lawyer, and upon being assured by appellant that he had enough money to hire a lawyer, the Judge passed the case until appellant could employ a lawyer.
On October 2, 1970, appellant appeared with counsel, was arraigned, and pleaded “not guilty”. Whereupon, the cause was set for trial on October 14, 1970.
In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Supreme Court said:
“As early as Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, supra, we recognized that the period from arraignment to trial was ‘perhaps the most critical period of the proceedings * * *>» 388 U.S. at 225, 87 S.Ct. at 1931, 18 L.Ed.2d at 1156.
Appellant did have counsel present and representing him at the arraignment and trial. At the trial, Deputy Sheriff Brown-lee testified without objection as to the initial identification of the appellant by the prosecuting witness a few minutes after the commission of the crime on March 30, 1970.
It was not until Brownlee testified about the second identification of the appellant by the prosecutrix as he stood in the lineup at the jail a few hours after his arrest that defense counsel voiced his first objection. Brownlee’s answer, defense counsel’s objection and the court’s ruling were as follows:
“A And she identified Culet Simes the second time, after I had undressed him and taken his clothes from him and dressed him in prison clothes.
“BY MR. AUSTIN:
“If the Court please, we object to this with all those details in it.
“BY THE COURT:
“Overruled to that.”
We take note of the fact that both identifications were promptly made on March 30, 1970, shortly after the commission of the crime.
Mrs. Laird, the victim, had an excellent opportunity to observe her assailant in a lighted room and at close range when he kissed her and tore at her clothes, and her identifications of the appellant, made a few minutes and again a few hours after the attack on her, were clear, positive and unequivocal, with no element of uncertainty of identification and nothing misleading or suggestive by the lawmen. There was no doubt about the independent source of her in-court identification of the appellant. Her in-court identification was based on her own independent, personal knowledge untainted by any suggestion or even hint or innuendo from any law officer.
The criticism was not against prompt confrontations but the actions of the prosecuting attorney in making extrajudicial identifications a matter of record in an apparent effort to bolster the in-court identification.
However, in this case, appellant did not object to any testimony about the ini *707 tial confrontation and identification, and even as to the second identification in the lineup he only appeared to object to the details of it. He did not state any ground or reason for his vague and general objection, and it would appear that he waived his right to object to these evidentiary matters.
It is a dangerous practice for prosecuting attorneys to offer in evidence testimony concerning extrajudicial identifications. We condemned such a practice in no uncertain terms when we said in Butler v. State, 217 So.2d 3 (Miss.1968):
“The State should not offer in evidence testimony concerning an extrajudicial identification. In closely contested cases that practice has been condemned consistently by this Court as an improper effort to bolster the witness’ judicial identification of defendant. Short v. State, 211 So.2d 545 (Miss.1968); Anderson v. State, 171 Miss. 41, 156 So. 645 (1934); Cody v. State, 167 Miss. 150, 148 So. 627 (1933); Moore v. State, 102 Miss. 148, 59 So. 3 (1912); see Annot., 71 A.L.R.2d 449 (1960).” 217 So.2d at 6.
There was no doubt as to the independent source of her knowledge of her assailant, and her in-court identification of her assailant was positive and clear. The jury was fully justified in returning a guilty verdict against this appellant. The judgment of the trial court is affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.