272 So.2d 641 (1973)
Lewis O. CHANDLER, Jr.
v.
STATE of Mississippi.
No. 47085.
Supreme Court of Mississippi.
January 22, 1973.
*642 Garner, Whitten & Garner, Jon B. Love, Hernando, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant, Lewis O. Chandler, Jr., was indicted by the Grand Jury of Lafayette County, Mississippi for the crime of burglary of the Oxford Country Club, a building owned by that corporation. He was tried, convicted and sentenced to serve a term of seven (7) years in the state penitentiary at Parchman. This case has been before this Court on a previous advanced appeal on an application for habeas corpus. The appellant had requested bail pending his appeal. We refused to reverse the order of the trial judge under the circumstances shown in the record, and because of the discretion allowed the trial judge under Section 1180, Mississippi Code 1942 Annotated (1956).
We now have the full record of the trial before us, and the record reveals the following statement of facts.
On the night of March 15, 1971, a Mr. Walter Pardoe, manager of the Oxford Country Club, was in the process of closing the building about one or one-thirty in the morning when he observed two men get out of an automobile. One of them came to the door of the clubhouse. He then saw them approach the back of the house. He heard them breaking into the house and he attempted to call the police, but could not see to dial the numbers. He then ran to a neighbor's house where he called the police. The police came in separate automobiles. One of the officers went to the door of the clubhouse and saw the defendant. He was later able to identify him. The officers finally entered the building only to find that the burglars had escaped. The automobile abandoned by the burglars bore a Tennessee tag. This tag was traced to the defendant's name in Tennessee.
Later during the next day a city employee on a garbage truck saw the defendant near the Oxford Country Club lying near a tree. The witness later identified the defendant as being the man he saw. Another citizen saw the defendant attempting to solicit a ride. This witness informed a highway patrolman that he had seen such a person. The patrolman went to where the defendant was standing on the highway. The patrolman testified that while he was questioning the defendant he noticed that he was armed with a pistol. He mentioned this fact to the defendant and unbuttoned his own pistol scabbard. At this time the defendant attempted to take the patrolman's gun. The patrolman finally subdued the defendant, arrested him and took him to jail.
The defendant admits that he attacked the patrolman, but says he thought the officer was about to shoot him.
After the defendant was incarcerated, the city employee, who had just seen the defendant in the woods, went to the jail and identified the defendant as the man he saw.
Prior to the trial, the defendant made several motions including a motion requesting the court to suppress evidence obtained by an alleged unlawful arrest without probable cause and a motion requesting the court to require the attendance of David H. McClain, an out-of-state witness for defendant, Lewis O. Chandler, Jr. The court overruled these motions, and by agreement the case was tried before the circuit judge without a jury. After being sentenced, the defendant made a motion for a new trial, but this, too, was overruled; whereupon, the defendant appealed from the judgment and sentence of the trial court to this Court. He now contends on appeal that:
(1) The trial court was in error in refusing to require the attendance of David H. McClain;
(2) The admission of the testimony of Joe Lewis Hobson  in which the witness *643 identified the defendant as being the man he saw by a tree near the Oxford Country Club  was in violation of defendant's constitutional rights because the identification was made at a time when the defendant was in jail, without the aid of a "lineup" or group exhibit and at a time when the defendant had no attorney present to aid him; and
(3) It is contended and vigorously argued that the arresting officer arrested the defendant without probable cause and, therefore, all of the evidence obtained by the state as a result of the arrest was illegally obtained and was inadmissible.
The first suggestion of error, that the trial court erroneously failed to require the attendance of an out-of-state witness as provided by Section 1895, Mississippi Code 1942 Annotated (1956), is not well taken for at least four reasons.
First, this Court has held that there is no method by which the out-of-state witness can be paid and that the trial court was without authority to force a witness for the defense to leave a foreign state to testify in this state. See Diddlemeyer v. State, 234 So.2d 292 (Miss. 1970). The rule in the Diddlemeyer case seems to be the general rule accepted by a large part of other state jurisdictions. See Anno. 44 A.L.R.2d 732 at 738, § 5 (1955).
Second, assuming for the sake of argument that this Court would hold that Section 1895, Mississippi Code 1942 Annotated (1956), applied to defense witnesses, under the facts here presented we could not hold the trial court in error because even where the court has authority to compel the attendance of witnesses, the witnesses' testimony must be material to the issue involved and the party requesting their attendance must not only have process issued, but must make every effort during the trial to have these witnesses present. He must present an affidavit from them giving their testimony, on a motion for a new trial. The rule with reference to continuance because of an absent witness is analogous and is applicable here. See King v. State, 251 Miss. 161, 168 So.2d 637 (1964).
Third, the motion requesting the court to force the out-of-state witness to appear as a witness for defendant shows that the witness is a co-indictee with the defendant in this case. The State of Mississippi cannot force a defendant to appear and testify. Averitt v. State, 246 Miss. 49, 149 So.2d 320 (1963); 21 Am.Jur.2d, Criminal Law, § 356, p. 383 (1965). Moreover, if the state could force his appearance to testify in this state against his will, the state would necessarily grant the witness immunity while he was within this state (Section 1896, Miss.Code 1942 Ann. [1956]).
Finally  the motion requesting the out-of-state process states that the defendant believes that the out-of-state witness would testify that the witness was with the defendant on the date of the alleged burglary (March 17) and that they were not anywhere near Oxford, Mississippi. Defendant testified, however, that on March 15, or 16, he was in Oxford. The indictment was amended to show that the crime was committed on the 15th day of March. The testimony of the out-of-state witness was, therefore, no longer material to the issue before the court after the indictment was amended.
The second alleged error, based upon the contention of the defendant that the testimony of the city employee who identified him at the jail was erroneous, on the ground that the defendant was not presented to the witness in a group or in a "lineup" at a time when his attorney was present, is not well taken, because the investigation in the burglary case had not reached a critical stage at that time. The defendant was being held because of assaulting an officer and because of having carried a concealed weapon and not on a burglary charge. It was sometime later before the evidence of the chemist was available as to the burglary charge. See *644 Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). The testimony of this witness was also admissible in evidence since they identified the defendant during the trial.
The appellant's third assignment of error is based upon the alleged unlawful arrest of the appellant by the officer, Calvin Shaw. It is the contention of appellant that all the evidence obtained from the clothes of the appellant by the chemist and all other evidence discovered as a result of the arrest and incarceration of appellant was inadmissible in evidence against the appellant, because the arrest was made without probable cause. It is argued that when the officer unsnapped his pistol holster the appellant had a right to attack the officer, because he said he thought that the officer was about to shoot him.
This argument overlooks the testimony that before the officer unsnapped his gun holster he had observed that the appellant was wearing a concealed weapon. It was, therefore, the duty of the officer to arrest the appellant since he was obviously committing a misdemeanor in his presence. Reed v. State, 199 So.2d 803 (Miss. 1967); Section 2470, Mississippi Code 1942 Annotated (Supp. 1972). Moreover, after the appellant attacked the officer he had no choice, he had to arrest the appellant to prevent him from taking his gun and to prevent a breach of the peace. Section 2469, Mississippi Code 1942 Annotated (1956).
It must also be remembered that a known felony (or felonies of burglary) had taken place in the town of Oxford the night before the encounter. It was known that the burglars had abandoned their car in making their escape. They were, therefore, likely to be somewhere in the neighborhood. The abandoned car bore a Tennessee license plate, and the officers were obviously searching for strangers walking and concealed in the area.
The duty of an officer to make an arrest without a warrant is set forth in Section 2470, Mississippi Code 1942 Annotated (Supp. 1972) as follows:
"An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit.
Any law enforcement officer may arrest any person on a misdemeanor charge without having a warrant in his possession when a warrant is in fact outstanding for that person's arrest and the officer has knowledge through official channels that the warrant is outstanding for that person's arrest. In all such cases, the officer making the arrest must inform such person at the time of the arrest the object and cause therefor. If the person arrested so requests, the warrant shall be shown to him as soon as practicable."
We are of the opinion that the arresting officer had probable cause to arrest the appellant, and, therefore, the evidence obtained as a result of the arrest was admissible in evidence against him on the burglary trial.
We find no reversible errors in the record on appeal in this case. The judgment and sentence of the trial court are therefore affirmed.
Affirmed.
PATTERSON, SMITH, ROBERTSON, and SUGG, JJ., concur.