James Winford Allen was convicted of kidnapping in violation of Mississippi Code 1942 Annotated section 2238 (1956) by the Circuit Court of Jones County, Second Judicial District, and was sentenced to serve twenty years in the state penitentiary. The central issue on appeal is whether the in-court identification of the appellant by the prosecutrix was admissible in evidence.
In the early evening of November 11, 1971, the prosecutrix, while in her automobile on her way home from work, became aware that she was being followed by someone in another automobile. A passing train blocked the route of her automobile and while waiting for it to pass, she observed a man, armed with a knife, standing beside her car. He opened the door and upon gaining entry to her automobile, with threats of violence and physical force, including cutting the prosecutrix with a knife, forced her into his automobile. He then drove, over her protestation, approximately fifteen miles from the railroad crossing. The witness then escaped by biting the appellant and hurriedly jumping from the automobile, making her way to a nearby farm home for assistance. From there she was taken to a hospital and given medical attention for knife wounds inflicted upon her hand and wrist by the appellant.
The record reveals that while confined in the automobile of the appellant, the witness was subjected to unnatural sexual demands of the appellant, but was able to escape before these demands could be fulfilled.
The following day the prosecutrix was shown a photograph album by a deputy sheriff containing approximately twenty-five photographs. From this album she identified the defendant. Several days later she identified the appellant as her abductor in a police station lineup. The defendant was later arrested and indicted for kidnapping as the result of these identifications.
During the course of the trial the prosecutrix made an in-court identification of the defendant over the objection of defense counsel.
The crux of appellant's argument for reversal is that the in-court identification was tainted by a prior out-of-court confrontation and is therefore inadmissible under the rules announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). We glean from these cases that identifications subsequent to indictment, but prior to trial, were held to be critical stages of the prosecutions' cases, thereby mandating to the defendant the *Page 138 
right to counsel at this stage of the proceedings. These cases are also authority for the rule that an in-court identification is inadmissible if the in-court identification was made possible by an illegal pretrial police lineup. We nevertheless are of the belief that this case is more nearly related to the recent decision of Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). In this case the Court refused to extend the exclusionary rule to lineups that occurred before the defendant had been indicted or otherwise formally charged with a criminal offense. In the lineup in which the appellant participated it is uncontradicted that he voluntarily came to the sheriff's office prior to any charges being pressed against him and that he made no objection to being exhibited with others and to being viewed by the prosecutrix. It was only after this identification that the appellant was arrested and formally charged. We think, therefore, that Kirby, supra, is dispositive of this issue.
The appellant was identified and selected by the witness from numerous photographs. He was personally observed and identified by the witness at the police lineup and she was of course subject to cross-examination by defense counsel at the time of the in-court identification. We are of the opinion the in-court identification was properly admitted into evidence and surely we cannot say that it violated any constitutional or statutory right of the appellant, requiring the cause to be reversed.
We have examined the other assignments of error, as well as the entire record in detail, and finding no merit in the record as a whole, we conclude that there was ample evidence to support the verdict of the jury, and the trial being without error, the case should be affirmed.
Affirmed.
RODGERS, P.J., and INZER, SMITH and ROBERTSON, JJ., concur.