285 So.2d 464 (1973)
Thomas V. HOBSON
v.
STATE of Mississippi.
No. 47586.
Supreme Court of Mississippi.
November 19, 1973.
Buchanan & Haltom, Indianola, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Thomas V. Hobson was convicted of armed robbery in the Circuit Court of Sunflower County and sentenced to serve a term of fifteen years in the State penitentiary. *465 He appeals his conviction and raises the question of whether he should have been afforded an attorney at the pre-indictment showup.
On the night of January 21, 1973, Bill Owens, Jr., manager of Billups Service Station in Indianola, Mississippi, was robbed. At approximately 10:45 p.m. a man drove into the well-lighted station and asked for some gas. Mr. Owens checked his gas tank and found a lock on the cap. When Mr. Owens asked the man for a key to the locked cap, the man approached him with a pistol and informed him that this was a holdup. Mr. Owens went to the cash register and handed the man about $80 in denominations of $10, $5, and $1. The man then locked Mr. Owens in a room and fled. The robber had been at the service station for approximately seven minutes. Mr. Owens kicked open the door and called the city police. He described the robber's automobile as a 1969 white Pontiac with a Humphreys County license plate that was a little dirty around the name "Humphreys." He described the man as black, between five and six feet tall, with a little mustache and very short hair, wearing a light jacket, and carrying a small .22 calibre blue-plated pistol.
Marvin Farmer, a State highway patrolman, received this information from the city police and waited on the highway until a car of that description passed him. He followed the car that fit the description and noticed that the driver appeared to be hiding something under his car seat. Farmer radioed Inverness police for assistance and then stopped Hobson's car. Hobson told Farmer and John Bailey, the Inverness police officer, that he had been shooting craps on Main Street in Indianola. Although the word "robbery" was never mentioned by Farmer, Bailey or the dispatcher, Hobson insisted that he had robbed no one. Farmer noticed that Hobson's pocket was bulging. He reached in and pulled out a roll of bills consisting of five ten-dollar bills, three five-dollar bills, and twenty-two one-dollar bills, totaling $87. Bailey found a gun with a barrel of blue steel in the car, and Hobson was then handcuffed and put on the front seat of Farmer's car.
They all waited on the highway until Mr. Owens arrived. Mr. Owens thought that this was the right automobile, and he asked the officers to check if the car had a locked gas cap on it. Farmer told Mr. Owens that it did. Mr. Owens looked at Hobson, who at that time was wearing a black felt hat. Although Mr. Owens had stated in his description that the robber had been wearing a coat and tie and no hat, there was no coat and tie in Hobson's car. Mr. Owens told Farmer that he did not believe Hobson was the robber; however, he also stated that inadequate lighting on the highway where the officers apprehended Hobson prevented a positive identification.
Farmer then took Hobson to the police station for further identification, because he planned to book him for having a concealed weapon. Hobson was told to sit down, and his handcuffs and hat were removed. Then Mr. Owens walked in and said, "That's him." The period of time from the robbery to this identification was approximately twenty-five to thirty minutes.
Hobson denied having robbed Mr. Owens. He testified that on the night of January 21, 1973, he had left his home in Belzoni and gone to Indianola to find his girl friend. When he realized that she was not there, he started home. He stated that he kept a gun in his car for protection. When questioned about the money, he stated that one week before the night he was arrested, his employment at Modernline Products had been terminated and he had received his final check of approximately $130.
After the pre-trial hearing, the circuit court denied Hobson's motion to exclude any in-court identification of Hobson by Mr. Owens due to illegal extrajudicial confrontations between Hobson and Mr. Owens. *466 At the trial, Mr. Owens pointed out Hobson as the man who robbed him.
This case is controlled by Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). In that case the United States Supreme Court refused to extend the right of counsel at a lineup as announced in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), to pre-indictment lineups or showups. In Kirby it was held that the right to counsel as guaranteed by the Sixth Amendment does not attach until the initiation of judicial criminal proceedings. This Court has already followed the rule in Kirby. See Allen v. State, 274 So.2d 136 (Miss. 1973); Chandler v. State, 272 So.2d 641 (Miss. 1973).
In the instant case, the identification occurred approximately thirty minutes after the robbery. It was in the interest of everyone, including Hobson, that a quick identification be made. A lengthy delay may have made Mr. Owens' identification less reliable. We reaffirm the principle that counsel is not required at a pre-indictment lineup or showup.
Hobson's contention that the verdict in this case was not supported by the overwhelming weight of the credible evidence is not well founded. Mr. Owens' testimony was adequately corroborated by other evidence. His description given to the police checked out in many details: The number and denomination of the bills; the color, make and license tag of the automobile; the size and color of the pistol; the lock on the gas cap; the description of the robber. We cannot say that this verdict is manifestly against the weight of the credible evidence. See Cromeans v. State, 261 So.2d 453 (Miss. 1972). For the reasons stated, the verdict of the jury and the sentence of the trial court are affirmed.
Affirmed.
PATTERSON, INZER, WALKER and BROOM, JJ., concur.