326 So.2d 794 (1976)
Kelly COX
v.
STATE of Mississippi.
No. 48911.
Supreme Court of Mississippi.
February 24, 1976.
Maynard, Fitzgerald & Bradley, Clarksdale, for appellant.
A.F. Summer, Atty. Gen. by Catherine J. Walker, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, C.J., and WALKER and BROOM, JJ.
BROOM, Justice:
Armed robbery was the offense for which appellant, Cox, was convicted in the Circuit Court of Coahoma County, Mississippi. He was sentenced to twenty years imprisonment and appeals. We affirm.
A bandit armed with a snub-nosed pistol robbed the Lula branch of the Bank of Clarksdale of $24,000 on December 14, 1972. The bank manager and a teller (victims) promptly detailed descriptions of the white male robber to the investigating officers. Viewing the robber at close range during the episode in the well lighted bank enabled the bank employees to describe the bandit, who wore no mask or disguise. Using the descriptions, an FBI artist constructed a portrait of the man and forwarded it to FBI offices in the area. Agents at the Little Rock, Arkansas, office recognized the portrait as that of Kelly Cox. After viewing a lineup including Cox, the two bank employees unequivocally identified him as the man who robbed the bank.
Prior to the lineup, Cox apparently signed a waiver of counsel administered by an assistant United States Attorney. Admission of the waiver into evidence was denied because the assistant attorney was not available at the trial.
Cox argues that the trial court erred in: (1) overruling objections to the testimony relating to the lineup in which he was not represented by counsel, and (2) allowing the in-court identification of him based on the lineup rather than on some independent source. Both arguments are predicated upon Cox's thesis that the pre-indictment lineup was erroneously conducted.
The right to counsel at a lineup proceeding as held in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. *795 Ed.2d 1149 (1967), was thereafter specifically limited to a post-indictment situation in which a lineup is held after the formal initiation of judicial criminal proceedings. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). This Court has adopted the rule of Kirby and held that the right to counsel does not apply to pre-indictment lineups. Howard v. State, Miss., 319 So.2d 219 (1975); Hobson v. State, 285 So.2d 464 (Miss. 1973); Allen v. State, 274 So.2d 136 (Miss. 1973); Chandler v. State, 272 So.2d 641 (Miss. 1973).
As stated in Howard, supra, any pretrial confrontation is subject to judicial scrutiny, and it appears from the record that such scrutiny was applied in this case. Applicable here is Butler v. State, 217 So.2d 3 (Miss. 1968). In Butler, we construed Stovall v. Denno, 388 U.S. 293, 296, 87 S.Ct. 1967, 1969, 18 L.Ed.2d 1199, 1203 (1967), and stated:
... the question is whether "the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification that he [the defendant] was denied due process of law." 388 U.S. at 302, 87 S.Ct. at 1972, 18 L.Ed.2d at 1206. Whether the conduct of the confrontation and its introduction in evidence violates due process of law depends upon the totality of the circumstances surrounding it. (217 So.2d at 6).
Careful consideration of the totality of the circumstances in the present situation leads to the conclusion there was no reversible error in the identification procedures, and Cox's constitutional rights were not abused by the pre-indictment lineup to which he consented. Testimony on direct and cross-examination of the bank employee victims negates the existence of any suggestive aspect of the lineup methodology. The record shows that both bank employees separately and positively identified Cox as the bank robber who intimidated them with the pistol. Two FBI Agents (present at the lineup) testified that Cox was fully advised both of his right to counsel and of his right to refuse to participate, and that he consented to the lineup without threats, coercion or improper inducements. State's Exhibit No. 3, a photograph taken of the lineup (entered into evidence without objection after the state had laid the proper predicate), also portrays the fairness of the lineup.
Testimony of the state related to the pre-indictment lineup identification was introduced without any specific objection except that (1) the lineup was conducted in the absence of counsel, and (2) the state's counsel was leading its witness. No objection was made that the testimony was inadmissible on account of its "extrajudicial" nature, such as was condemned in Butler, supra, or Simes v. State, 250 So.2d 705 (Miss. 1971). Specific objection (stating the ground) to testimony must be timely made at the trial level in order for such ground to be considered on appeal. Here there was no objection at trial that "extrajudicial" attributes of the testimony in question rendered it inadmissible, and such an objection was, therefore, waived. Norman v. State, 302 So.2d 254 (Miss. 1974); Stringer v. State, 279 So.2d 156 (Miss. 1973).
Not only does the record establish the absence of any reversible error in the pre-indictment identification, it shows that the state proved an independent source as a basis for the in-court identifications. No showing has been made of anything impermissibly suggestive in the lineup procedure, or that it tainted the in-court identifications which sprang from independent sources. Absent such a showing, appellant's contention must fail.
Affirmed.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.