339 So.2d 564 (1976)
Cleveland PORTER
v.
STATE of Mississippi.
No. 49392.
Supreme Court of Mississippi.
November 23, 1976.
*565 Dyer, Dyer & Dyer, Gaines S. Dyer, Greenville, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SMITH and BROOM, JJ.
BROOM, Justice, for the Court.
Murder conviction and life imprisonment sentence resulted from trial of defendant (Cleveland Porter, appellant) in the Circuit Court, Second Judicial District of Bolivar County. We reverse.
Two propositions are presented on this appeal. Did the trial court commit reversible error in (1) admitting testimony of an extra-judicial identification of defendant after witness Reed had made a positive in-court identification of him, and (2) permitting the state to amend the indictment by striking language which purported to charge "capital murder?"
The facts show that the deceased, Johnny Gillespie, was found dead from gunshot wounds in the bathroom of a service station at Mound Bayou, Mississippi, on March 1, 1975. State witness Joseph Reed said he was at the station with Gillespie and one Hunter when the defendant came into the station and at gunpoint forced Reed and Gillespie into a bathroom. Within a short time Reed was shot and wounded by the defendant who then took Gillespie out of the bathroom. In the bizarre affray, Reed heard an additional shot after which the defendant forced Hunter to choke the wounded Reed. Hunter was subsequently found dead in a nearby field. According to Reed, he (Reed) was hit on the head and became unconscious. After regaining consciousness in a Jackson hospital, Reed identified defendant as the assailant by means of viewing a large number of pictures of different subjects. The defendant pleaded an alibi which (though corroborated by three witnesses) the jury rejected and found him guilty.

I
During presentation of the state's case, on direct examination witness Reed made a clear and unequivocal in-court identification of defendant as the perpetrator of the homicide at issue. Then over precise, timely and clearly stated objection of defense counsel, the prosecution was permitted to elicit from Reed testimony that he (while a hospital patient for injuries inflicted upon him by defendant on the occasion of the homicide) previously identified defendant as the assailant. The purpose of the extra-judicial identification was admittedly for no other purpose than to bolster Reed's in-court identification. This Court has repeatedly exhorted prosecutors not to offer evidence of such extra-judicial identification. See Butler v. State, 217 So.2d 3 (Miss. 1968) and cases therein cited. Accordingly, the defendant must be granted a new trial.
In ordering a new trial we point out that the state's case depended almost entirely on *566 the testimony of witness Reed who received a serious head injury as part of the episode in which Gillespie was killed. Reed's mental capacity to recollect the events was in question. These circumstances render more critical and significant his extra-judicial identification of Porter as the murderer of Gillespie. Therefore, it cannot be said (as could in Butler, supra) that admission of "such evidence ... was harmless error beyond a reasonable doubt."

II
The indictment, before being amended, charged that the defendant:
... did then and there willfully, unlawfully, feloniously and of his malice aforethought, kill and murder one Johnny L. Gillespie, Jr., a human being. While engaged in Commission of Armed Robbery or in violation of Section 97-3-19 Miss. Code Ann. (1972).... (Emphasis added).
By amendment made over the defendant's objection, the state was permitted to strike the italicized language from the indictment, leaving no more than a charge of murder (not capital) set forth in the indictment.
Argument of the defendant is that the state changed the substance of the indictment by reducing the charge from "capital murder" to "murder." Significant is the fact that all the ingredients charged by the amended indictment were there before the amendment was made, which merely deleted "while engaged in Commission of Armed Robbery... ." It is urged that the indictment before amendment was fatally defective (for failure to specify the subsection of our statute defining capital murder) and not amendable even though no demurrer was filed in this case. Failure of the indictment to specify that the charge was under subsection (2) of Mississippi Code Annotated § 97-3-19 (1972), which defines capital murder, is not a fatal error or ground for demurrer but merely results in a charge of murder (not capital). Varnado v. State, Miss., 338 So.2d 1239, decided November 9, 1976.
Also pertinent to the question of whether the amendment was error is Stevenson v. State, 325 So.2d 113 (Miss. 1975). Stevenson dealt with prosecutorial discretion and clearly permits an amendment such as occurred in this case which neither placed any additional burden on the defendant nor prejudiced him in any manner.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.