519 So.2d 1218 (1988)
Rickey LIVINGSTON
v.
STATE of Mississippi.
No. 56698.
Supreme Court of Mississippi.
February 3, 1988.
*1219 William B. Kirksey, Kirksey & DeLaughter, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Henry C. Clay, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ANDERSON, Justice, for the Court:
The appellant, Rickey Livingston, was convicted in the Circuit Court of Hinds County on a charge of rape. After the jury failed to return a sentence of life imprisonment, the trial judge imposed a sentence of 40 years to be served consecutively with previously existing sentences.
The only questions we need address are those regarding identification, right to counsel at lineup and comments by the prosecutor. After careful review of each assignment, we find no reversible error and affirm.

FACTS
At around noon on December 14, 1984, the 24-year-old prosecutrix, who lived alone in her apartment, answered a knock on her door. There was a young, black male, in his mid-twenties standing about a foot from her door. There was plenty of sunlight in that area and she got a clear and unobstructed view of his face. She later positively identified the man as the appellant Rickey Livingston.
He pretended to solicit subscriptions or donations for National Geographic magazine. The prosecutrix said, "no" and he asked if anyone else there would like to contribute. Again, she answered "no" and attempted to close her door, whereupon the man forced his way in. She screamed and he slammed the door shut and choked her until she passed out momentarily. He continually chocked her and threatened her several times saying, "shut up or I'll kill you."
The assailant raped the prosecutrix twice and demanded money before leaving. The entire episode lasted ten to fifteen minutes.
A college student, Steve Gifford, who resided in the apartment complex testified for the state that around noon on the day in question he heard a woman scream and a door slam in the vicinity of the victim's *1220 apartment. About fifteen minutes later he observed a man, whom he positively identified as Livingston, run from the direction of the prosecutrix' apartment.
Medical testimony showed that semen collected from the prosecutrix' underclothes was analyzed and compared with blood and saliva samples from the defendant. The results showed that the semen came from a person with Blood Type A and a secreter. Livingston is a Type A secreter. This test was not conclusive proof of appellant's guilt, but was evidence that the appellant could not be excluded as a suspect.
The appellant's mother offered testimony that the appellant was home during the time of the alleged rape. The appellant did not testify and offered no other evidence.

I.
On December 19, 1984, the prosecutrix identified the appellant as her attacker from a series of photographs shown her by the police. A warrant was issued and on December 20, Livingston was arrested at his mother's house. On the same day he was placed in a lineup for identification by the state's witness Gifford. On December 22 he was placed again in a lineup for identification by the prosecutrix. The record is silent as to whether counsel for the appellant was present at either of the lineups.
Now on appeal, appellant alleges error in the admission of testimony by the prosecutrix, state's witness Gifford and Detective Knowles regarding the out-of-court identification made without benefit of counsel.
We first address the issue of appellant's Sixth Amendment right to counsel which is also embodied in Article 3, Section 26 of the Mississippi Constitution (1890).
The Federal Courts have consistently held that the right to counsel does not attach until initiation of formal charges or adversarial proceedings. Michigan v. Jackson, 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986); Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986); and Maine v. Moulton, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985).
This state in past years embraced the view that the right to counsel did not apply to pre-indictment lineups. Lannom v. State, 464 So.2d 492, 495 (Miss. 1985); Wilson v. State, 451 So.2d 718 (Miss. 1984); Bankston v. State, 391 So.2d 1005, 1007 (Miss. 1980); Scott v. State, 359 So.2d 1355, 1363 (Miss. 1978); Fells v. State, 345 So.2d 618, 620 (Miss. 1977); Cox v. State, 326 So.2d 794 (Miss. 1976) cert. den. 429 U.S. 849, 97 S.Ct. 136, 50 L.Ed.2d 122 (1976); Howard v. State, 319 So.2d 219, 220 (Miss. 1975); cert. den. 425 U.S. 954, 96 S.Ct. 1733, 48 L.Ed.2d 199 (1976); Hobson v. State, 285 So.2d 464, 466 (Miss. 1973).
In this case, we look to more recent caselaw and the applicable law found in Mississippi Code Annotated, section 99-1-7 (Supp. 1986).
A prosecution may be commenced, within the meaning of section 99-1-5 by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, as well as by indictment or affidavit. (Emphasis added). [§ 99-1-5 refers to the tolling of the statute of limitation.]
Cannaday v. State, 455 So.2d 713 (Miss. 1984); Page v. State, 495 So.2d 436 (Miss. 1986).
In Cannaday, the defendant had been criminally charged and a preliminary hearing had been conducted when the challenged statements were solicited by law enforcement officers outside the presence of her already appointed counsel. That Court held that "the time at which the right to counsel attaches to a defendant is when adversary proceedings have been initiated...." Page, supra, involved the solicitation of incriminating statements after the defendant had been arrested and released on bond. See also, Williamson v. State, 512 So.2d 868, 876 (Miss. 1987) and Tolbert v. State, 511 So.2d 1368, 1375 (Miss. 1987).
Both Cannaday and Page refer to MCA § 99-1-7 (1972) for determination of the commencement of judicial proceedings. See Note, Attachment of the Sixth *1221 Amendment Right to Counsel in Mississippi, 5 Miss.Coll.L.Rev. 227, 254 (1985); but see Rules 1.02 and 1.04, Miss.Unif. Crim.R.Cir.Ct.Prac.
It is undisputed in this case that an arrest warrant had issued for appellant and he was in custody. Clearly his right to counsel had attached. MCA § 99-1-7 (1972).
However, the record does not affirmatively indicate that counsel was not present at the lineup.
Not only is this an unsupported assumption this Court is asked to make, more importantly, no objection to the alleged absence of counsel was made at trial. It is a well-established principle that errors such as these will not be entertained when raised for the first time on appeal.
Secondly, appellant complains that admission of testimony regarding the identification was error. The traditional rule holding that such testimony would be hearsay and impermissible bolstering was modified in Fells v. State, 345 So.2d 618, 619 (Miss. 1977). The Court stated:
We are of the opinion, and now hold, that the principal witness to a crime may testify concerning an out-of-court identification whether it occurs in a police lineup, a personal confrontation, or otherwise because the initial identification, being nearest in time to the event has, in our opinion, the greater likelihood of accuracy and truthfulness being undimmed by fading memory and intervening events occasioned by the passage of time. It is not intended that the foregoing be construed to eliminate a corroborating in-court identification.
345 So.2d at 622.
Accordingly, the testimony of the witness for the prosecution and the prosecutrix regarding out-of-court identifications was permissible. Fells, by its language, does not restrict the testimony to only the first identification nor to one person designated as the principal witness as appellant argues.
Fells further held that "if the principal witness' identification is impeached, then independent evidence of the identification may be introduced through third persons present at the out-of-court identification." Without impeaching the testimony of the witnesses, Detective Knowles was allowed to testify that she was present during the identifications made by Gifford and the prosecutrix. Under Fells, this testimony may have been improper but under the circumstances would be no more than harmless error.
Moreover, the new Mississippi Rules of Evidence provide that such identification evidence is not hearsay and is admissible as substantive material (See Rule 801(D)(1)(C).
Finally, we note that no objections were made to the introduction of the testimony at trial. Therefore, all claims regarding the identification are procedurally barred.

II.
Appellant complains that the remarks below by Assistant District Attorney Patricia Bennett, coupled with those following by District Attorney Ed Peters, constituted impermissible comment upon the defendant's failure to testify and was reversible error.
Each of you on your oath said that you would use your common sense and good judgment to decide this case on the facts and testimony presented here in the courtroom. You said you could do that. You said that there would be no guesswork involved. You said that you would not speculate about anything. You would solely decide whether or not this Defendant is guilty of the crime of rape and you would decide it on what came from this witness stand and yesterday when we started, the witness stand down one floor below.
These comments by the Assistant District Attorney constitute no more than a routine request for the jury to consider the evidence and were not improper.
Now, who's being fair and open with you. Did we put every single person out there at that scene on the stand that saw what happened? Did we put that young man on the stand, that pre-med student *1222 that has no reason whatsoever to lie on the stand? Did we put the victim on the stand? Who was at their house? You heard me ask Mrs. Livingston, wasn't that your husband sitting out there with you that you said was at the house just before you came in here and testified? "Wasn't that you that told my investigator, `We're not gonna talk to you. We're only gonna talk to the defense attorneys.'" Is that you that wants the truth to come out, Mrs. Livingston, the person that did that? And she's the person that testified from everybody that was at the house. Who's trying to be open and honest with you. Who's trying to give you every bit of evidence that we can. Who is asking you to be reasonable and who is asking you to fall for one witness?
Peters' statements were in reference or response to testimony by defendant's mother that she only wanted the truth told and the fact that she and her husband had earlier refused to answer questions by the police. He also improperly alluded to the absence of testimony by appellant's father. Peters' remarks in this case, though improper, were not of such a prejudicial nature so as to require reversal.
Considering the overwhelming weight of the evidence, under no circumstances would the jury have found appellant not guilty. The remark of the District Attorney constituted harmless error. Therefore, the defendant's conviction of rape and sentence of forty years' imprisonment is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.
SULLIVAN, J., dissents to part II on the authority of Griffin v. State, 504 So.2d 186, 193 (Miss. 1987).