# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 94-KA-00916 COA

**TRAVIS LEVY**                                                                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED,
PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 09/12/94 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EDMUND JULIUS PHILLIPS JR. |
| | CHOKWE LUMUMBA |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | ARMED ROBBERY: SENTENCED TO SERVE A TERM OF 40 YRS WITH MDOC; IT IS ORDERED THAT HE SERVE HIS ENTIRE SENTENCE AT THE MDOC |
| DISPOSITION: | AFFIRMED - 11/18/97 |
| MOTION FOR REHEARING FILED: | 12/17/97 |
| CERTIORARI FILED: | 3/19/98 |
| MANDATE ISSUED: | 6/4/98 |

BEFORE McMILLIN, P.J., HINKEBEIN, AND SOUTHWICK, JJ.

McMILLIN, P.J., FOR THE COURT:

Travis Levy was convicted of armed robbery by a jury in the Circuit Court of Leake County. He appeals to this Court raising three issues that he claims warrant a reversal of his conviction. We conclude that the issues are without merit and affirm the conviction.

I.

**Facts**

A convenience store in Leake County was robbed at gunpoint. The defendant, Travis Levy, was subsequently arrested in connection with another armed robbery in neighboring Scott County. Based on the similarity in the two crimes, investigating officers arranged a lineup to be viewed by the two clerks who were in the store at the time of the Leake County robbery. The two clerks viewed the lineup separately and both of them selected Levy as the robber. He was subsequently indicted, tried, and convicted. This appeal ensued.

II.

## Admissibility of the Lineup Identification

Levy argues on appeal that the trial court erred in permitting the State, during re-direct examination of one of the clerks, to elicit the fact that the witness had previously identified the suspect in a police lineup. The trial court, for reasons not articulated on the record, had previously sustained a defense objection to testimony about the pre-trial lineup while the clerk was on direct. The court, in permitting the belated introduction of the lineup evidence, asserted that the defendant had "opened the door" to the evidence by extensively cross-examining the witness on his ability to make a positive identification of the robber. There was evidence that the robber's face was obscured by a pulled-down cap during the robbery, suggesting limited opportunity to view the robber's facial features. Defense counsel had also established that the clerk was not acquainted with the alleged robber prior to the incident, so that no claim could be made that familiarity with the suspect made identification easier and more credible.

Our task in analyzing this issue is made difficult by the fact that the record does not reveal the legal basis upon which the trial court originally excluded evidence of the pre-trial lineup identification. Such information is routinely admitted, and it has been correctly observed that identification in a properly-conducted lineup has more probative value than an in-court identification where the accused is sitting conspicuously alone in the courtroom. *Fells v. State,* **345 So.2d 618, 621-22 (Miss. 1977);** *Livingston v. State,* **519 So.2d 1218, 1221 (Miss. 1988).** If lineup evidence is to be excluded, it is normally on some claim of a violation of the suspect's constitutional rights, *e.g.,* a claim that the lineup was conducted without benefit of counsel in violation of the Sixth Amendment, or that the lineup was constituted so as to be unduly suggestive in violation of the Fourteenth Amendment. *United States v. Wade,* **388 U.S. 218, 235-238 (1967);** *York v. State,* **413 So.2d 1372, 1383 (Miss. 1982).** Levy's counsel never articulated one of these arguments, nor did he give any other specific basis to exclude the lineup evidence. The trial court did not state the basis for its initial ruling excluding the witness's testimony about the lineup.

We put little stock in the proposition that the defendant's attempt to weaken the impact of the robbery victim's in-court identification "opened the door" to otherwise-inadmissible lineup evidence. Proof that the defendant is, in fact, the perpetrator of the crime is always a central issue in a criminal prosecution. It is to be expected that, whenever appropriate, the defense will do everything it can to attack any witness's ability to identify the defendant as the culprit. To do anything less if the opportunity presents itself would be a fundamental dereliction of defense counsel's duty. To say that such a defense effort can open the door to evidence excluded on constitutional considerations is not a proposition that can withstand scrutiny.

Nevertheless, after a careful sifting of this record, we are convinced that the trial court was in error in

its initial ruling excluding the lineup identification information. In the absence of anything in the record suggesting the reason the evidence was originally excluded, we have been unable to independently discover a valid basis for denying its admission when first offered. We, therefore, treat this as a matter of the trial court correcting, during the course of the trial, a previously incorrect ruling excluding admissible evidence. Though we are satisfied that the trial court admitted the evidence for the wrong reason, we do not reverse when we are convinced that the trial court has reached the right result for reasons with which we might disagree. *Jackson v. State,* **684 So.2d 1213, 1232 (Miss. 1996).** Because the trial court permitted defense counsel additional opportunity to cross-examine the witness about the lineup after the evidence came in on redirect, there was no prejudice arising out of the untimely introduction of evidence that insofar as the record reveals, was admissible the first time the State offered it. *Evans v. State,* **499 So.2d 781, 783 (Miss. 1986).** There is, therefore, no error requiring reversal on this issue.

III.

**Evidence of Other Crimes**

The State called a former highway patrol criminal investigator as a witness for the sole purpose of establishing the chain of custody for certain items of demonstrative evidence the State intended to introduce. On cross-examination, defense counsel turned, once again, to the circumstances of the pre-arrest lineup and quizzed the witness on the reason the lineup was conducted and the methods employed. Defense counsel indirectly stressed again and again, by the nature of his questions, that when the lineup was conducted, Levy was incarcerated in connection with another crime and there was no particular suspicion of his involvement in the Leake County robbery. In response to one question, the witness responded that Levy became a suspect only after an arrest warrant had been served on him. On redirect, the State sought to clarify that the warrant the officer was speaking about was for Levy's arrest on the unrelated Scott County crime. Defense counsel objected on the basis of relevancy, and the trial court overruled the objection. The prosecutor then repeated the question in exactly the same language, and the witness responded, "I'm referring to a warrant for armed robbery for Travis Levy and Marlon Levy." After the answer was given, defense counsel said, "I object and move for a mistrial." The court sustained the objection, denied the mistrial motion, and admonished the jury to "disregard the statement of the witness regarding any other person."

Levy, on appeal, argues that this sequence of events constituted reversible error. His claim is that the response was evidence of other crimes elicited by the State for no purpose other than to demonstrate the defendant's propensity to commit crimes of the nature charged. Such evidence is inadmissible under Mississippi Rule of Evidence 404(b). The State counters that the defense had opened the door to such evidence by its prior cross-examination of the witness.

This Court is satisfied, based on our review of defense counsel's examination of this witness, that Levy's counsel was, indeed, seeking to make the point that there was no particular basis to suspect Levy's involvement in the Leake County crime at the time of the lineup. Having elected to pursue such a trial strategy, the defendant cannot fairly argue that he was prejudiced when the State subsequently sought to make the same point.

We are, nevertheless, of the opinion that there was little relevance to the State's inquiry. The only purpose we can see to the inquiry was to drive home the fact that Levy had been arrested for another,

similar, crime. Even where defense counsel has "opened the door" to otherwise-inadmissible evidence, such evidence still ought to have some logical relevance to the ultimate issue being tried by the jury. We can discover none in this inquiry.

Despite these considerations, we conclude that only the most obtuse juror would have been unaware that Levy had been arrested and charged with another robbery by the time this unnecessary and irrelevant response was elicited. The information had been provided by the defense as a conscious part of its trial strategy. The prejudicial effect of the evidence was, under these circumstances, non-existent, and we conclude that such mishandling of this evidence as may have occurred was, without question, harmless error.

## IV.

### Closing Argument

During summation to the jury, defense counsel reminded the jury of the defendant's testimony that he did not commit the crime. He then posed the rhetorical question, "What else can he say?" In the State's final response, the prosecuting attorney answered that argument by stating, "Well, he could have said where he was that night, if he wasn't at the store. Did he tell you an alibi?" Defense counsel interposed an objection but declined to state the grounds for the objection before the jury. Instead, he requested to be heard on the objection in a bench conference. The bench conference was not recorded, and the trial court made no announcement as to its ruling at the conclusion of the conference. Thus, this Court has no way of knowing the basis for the objection or how the trial court ruled on the objection. The only thing the record reflects is that the State resumed its summation without returning to the "alibi evidence" theme. This Court finds that any error that might have occurred as a result of the prosecutor's comments has not been preserved for review on appeal, and we decline to reach the merits of the argument. *Davis v. State,* **406 So.2d 795, 801 (Miss. 1981).**

This Court, on its own motion, notes that the trial court's judgment of sentence contains the following provision: "The Court having found the Defendant to be dangerous to others, it is, hereby, ordered that he serve his entire sentence at the Mississippi State Penitentiary at Parchman, Mississippi." This Court is uncertain whether this is an attempt to deny this defendant the possibility of parol or to mandate to the Department of Corrections in which of its institutions it shall incarcerate the defendant. In either event, this Court, on its own motion, finds this portion of the judgment of sentence to be beyond the sentencing authority of the trial court and order it stricken from the judgment. We further order that the trial court enter an appropriate amended judgment deleting this provision and forward a certified copy thereof to the Mississippi Department of Corrections.

**THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF FORTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED EXCEPT THAT PORTION OF THE JUDGMENT DIRECTING THE APPELLANT TO SERVE HIS ENTIRE SENTENCE AT THE MISSISSIPPI STATE PENITENTIARY AT PARCHMAN,**

MISSISSIPPI, IS HEREBY STRICKEN. COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.


BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.