(No. 42002.— ▮▮▮▮▮▮▮

The People of the State of Illinois, Appellee, *vs.* Golden McMath, Appellant.

*Opinion filed March 24, 1970.*

34

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (SHELVIN SINGER, and JAMES J. DOHERTY, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and PATRICK T. DRISCOLL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

After a trial by jury in the circuit court of Cook County, Golden McMath was found guilty of the offense of robbery and sentenced to a term of not less than 5 nor more than 15 years. The Appellate Court, First District, affirmed the conviction (104 Ill. App. 2d 302), and we granted leave to appeal. The principal issue before this court is whether the defendant was denied due process of law because of an in-court identification and testimony concerning an out-of-court identification.

The facts underlying this appeal indicate that on May 21, 1965, at 4:50 A.M., Lovada Walker was stopped at gun point by a man wearing a stocking cap over his face. The assailant told her to do as he would say and she would not be hurt. He then grabbed her purse and fled down an alley. Mrs. Walker ran to a nearby service station at 95th and LaSalle Streets in Chicago and asked the attendant to call the police.

Police officers Lawrence Tobuck and Earl Davy, while patrolling the area, noticed the defendant driving an automobile at an excessive rate of speed. After pursuing the car for several blocks, they caught him when his automobile struck a parked car. Upon confronting defendant at his car, Tobuck noticed a toy pistol and a stocking cap on the front seat and also a purse lying in the gutter near the driver's door. He examined the purse and found Mrs. Walker's identification.

After checking with headquarters, Tobuck was informed that a robbery involving Mrs. Walker had just been reported. The officers took defendant immediately to the service station where the first confrontation between defendant and Mrs. Walker took place. She testified that she was able to identify the defendant at that time by his voice, height and build. Later the same day, she went to the 5th district police station where she was again confronted by the defendant. She identified him as the offender after a nylon mask was put over his face, and he said the words, "Give me your purse". Defendant was the only suspect present at the time.

The United States Supreme Court, in *United States* v. *Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and *Gilbert* v. *California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951, has held that a post-indictment pretrial confrontation for identification purposes is a critical stage of a prosecution at which an accused needs the presence of counsel, and thus a confrontation without notice to and in the

absence of counsel denies the individual his sixth amendment right to the assistance of counsel. However, in *Stovall v. Denno* (June 12, 1967), 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967, the Supreme Court ruled that the requirements of *Gilbert* and *Wade* are prospective in application and may be invoked only where the identification confrontation took place after June 12, 1967. The court did recognize, though, that where, as here, the confrontation took place on or before June 12, 1967, the defendant may establish that in light of the totality of the surrounding circumstances, the viewing of the accused was so prejudicial as to deprive him of due process of law. "If an accused can support this claim the evidence of identification is rendered inadmissible and not simply affected as to credibility. [Citations]" *People v. Blumenshine*, 42 Ill.2d 508, 511-12.

"The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned." (388 U.S. at 302, 18 L. Ed. 2d at 1206.) Only under certain circumstances may these identifications be justified. Single suspect show-ups have been justified where: (1) the viewing in a hospital was necessary because it was uncertain whether the victim would survive (*People v. Gersbacher*, 44 Ill.2d 321); (2) it was apparent that the witness had an excellent opportunity to observe the defendant during the commission of the crime (*People v. Speck*, 41 Ill.2d 177); (3) the person identified was known to the witness prior to the crime (*People v. Robinson*, 42 Ill.2d 371); (4) uncommon distinguishing characteristics were the principal means of identification (*People v. Bey*, 42 Ill.2d 139). In this case we find that the service station confrontation was justified because prompt identification was necessary to determine whether defendant was the offender or whether the officers should continue their search. (See *Stovall v. Denno*, 388 U.S. 293; *United States v. Wade*, 388 U.S. 218.) However, we find no circumstances which

would justify the later showing of the defendant alone in the police station.

Defendant argues that allowing the in-court identification and testimony concerning the police station identification denied him due process. "We believe that *Stovall* requires that a defendant so claiming must prove that 'the confrontation conducted * * * was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law.' 388 U.S. at 301-2, 18 L. Ed. 2d at 1206, 87 S. Ct. at 1972." (*People* v. *Nelson,* 40 Ill.2d 146, 150.) While it is true that the police station confrontation was unnecessarily suggestive, it cannot be said that it was so conducive to irreparable mistaken identity that defendant was denied due process. Identification of the defendant could have been established apart from and independent of the police station and in-court identification. Although there was a question as to whether it was a positive identification, Mrs. Walker did testify that at the service station she identified the defendant as her assailant by his voice, height and build. When apprehended, immediately after the robbery, defendant was found with Mrs. Walker's purse, containing her identification, and with the stocking cap, hat and gun. Having considered the record of this case in its entirety, we find that the identification proceedings did not deny the defendant due process of law.

For the foregoing reasons the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.