243 So.2d 550 (1971)
Jessie J. DORSEY and Wilbert Lee Cameron
v.
STATE of Mississippi.
No. 46160.
Supreme Court of Mississippi.
January 25, 1971.
Eddie H. Tucker, R. Jess Brown, Jackson, for appellants.
A.F. Summer, Atty. Gen. by Velia Ann Mayer, John M. Kinard and Timmie Hancock, Sp. Asst. Attys. Gen., Jackson, for appellee.
*551 ETHRIDGE, Chief Justice:
Dorsey and Cameron were convicted of armed robbery in the Circuit Court of Franklin County. They contend that the verdict was against the overwhelming weight of the evidence. They were identified by Mrs. Landers, the robbery victim, as the two men who struck her on the head with a gun and robbed her store. Several witnesses saw two Negro males running from the direction of the store up a hill. They fled in a white 1961-63 Oldsmobile with a California license tag. It appeared to have a burned place on its side. Shortly after the robbery an automobile fitting the above description and occupied by appellants was stopped at a highway patrol road-block, and they were arrested. The evidence amply supports the verdict of the jury.
Appellants assert that the courtroom identification made by Mrs. Landers of them as the two men who robbed her should have been excluded, because it was based on an illegal extra-judicial identification. However, appellants introduced the out-of-court identification on cross-examination, and hence are in no position to claim this was error. Sanders v. State, 219 So.2d 913 (Miss. 1969). Shortly after the arrest they were taken to the hospital room of Mrs. Landers. Appellants were the only two Negro males in the room when Mrs. Landers identified them as the men who had attacked and robbed her. However, the courtroom identification made by Mrs. Landers was properly admitted. When the crime occurred, she had ample opportunity to observe the defendants. They were in her store for ten minutes that morning, and she first noticed them because they were strange to her. She saw one hit her, the other take money from the cash register, and both flee. Mrs. Landers had an "independent source" for her courtroom identification. Poole v. State, 216 So.2d 425 (Miss. 1968).
On the morning following the arrest of appellants, the sheriff and another officer conducted a search of the automobile in which they were riding when apprehended. They discovered $144 in cash and a pistol which had been concealed in the car. It is contended that these items should not have been admitted into evidence. Appellants were lawfully arrested on ample probable cause. Miss.Code 1942 Ann. § 2470 (Supp. 1968). The car was brought to the sheriff's office and locked. The sheriff's impounding of the automobile was necessitated because it was used in the crime and provided one of the means by which appellants were apprehended and identified. In short, the automobile became evidence which could be used in a later prosecution. It was the duty of the officers not only to seize the car but to preserve it as evidence. The test is whether the search was reasonable, and we hold that it was. Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); Gordon v. State, 222 So.2d 141 (Miss. 1969); Wright v. State, 236 So.2d 408 (Miss. 1970). The search was not incident to the arrest, but the vehicle was properly held as evidence, since it was an implement or instrument by which the particular crime was committed. Fisher, Search and Seizure, 220-225 (1970).
Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), held that a warrantless search of a car after it had been taken to the police station did not violate the petitioner's Fourth Amendment rights. Since the search was made "sometime after the arrest" at the police station, it could not be justified as a search incident to an arrest, but there was probable cause to arrest the occupants of the car, and "just as obviously was there probable cause to search the car for guns and stolen money."
The circuit court properly overruled appellants' motion to quash the indictment on the ground that there was systematic exclusion *552 of Negroes from jury service. The voter registration books have no markings indicating race. There are in Franklin County about 4500 registered voters, with 1200-1500 black, or 26.7% to 33.3%. Twenty-two of the 134 names on the August 1969 venire were black, or 16.4%. Nine of the 62 names on the venire for the first week of August 1969 were black, or 14.5%. Four of the 20 members (20%) of the grand jury which indicted appellants were black. Of the 525 names on the 1969 jury lists, 82 or 15.6% were black.
There is no evidence of discrimination against Negroes in the constitution of the jury list. Proportional representation of the races on a jury is not required. What is required is that county officials must see to it that jurors are in fact and in good faith selected without regard to race. Williams v. State, 210 So.2d 780 (Miss. 1968). The percentage of registered Negro voters to those of registered white voters is less than the percentage of Negroes to whites in the entire county, but the overall percentage disparity of registered voters is relatively small. The jury appears to have been a fair cross-section of the county without any reference according to race. Although the selection of the jury list may have been somewhat haphazard, an imperfect system is not equivalent to purposeful discrimination based on race. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Williams v. State, supra. Appellants failed to show any systematic exclusion of Negroes from jury service. However, assuming they made a prima facie case, the state met its burden of proof by showing that any former practice of discrimination has been abandoned. Alexander v. State, 226 So.2d 905 (Miss. 1969); Reed v. State, 199 So.2d 803 (Miss. 1967), certiorari denied, 390 U.S. 413, 88 S.Ct. 1113, 19 L.Ed.2d 1273 (1968).
Affirmed.
RODGERS, BRADY, SMITH and ROBERTSON, JJ., concur.