285 So.2d 897 (1973)
Henry L. OLIVER
v.
STATE of Mississippi.
No. 47545.
Supreme Court of Mississippi.
November 26, 1973.
Rehearing Denied December 17, 1973.
Daniel P. Self, Jr., Robert W. Bailey, Meridian, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant, Henry Oliver, was indicted by the Grand Jury of Clarke County, Mississippi on a charge of armed robbery. He was duly tried, convicted and sentenced to serve a term of twelve (12) years in the state penitentiary. On appeal to this Court he contends that the identification of the defendant, Henry Oliver, in court by two (2) witnesses who had previously identified the defendant when he was exhibited to them out of court and at a time when he had no attorney, was illegal so as to taint his in-court identification. He further contends that he should have been given the right to interrogate one of the eyewitnesses, in the absence of the jury, as to his out-of-court identification.
The testimony shows that on Tuesday, March 28, 1972, the appellant came to the home of Wes Alexander in Clarke County, travelling in a Chevrolet driven by Bobby Ray Johnson. The appellant was drinking beer. He got out of the automobile, exhibited a pistol, pointed it toward Barney Pogue and demanded that Pogue "Throw his billfold down." Pogue complied with appellant's order after showing that the billfold contained no money. Appellant then turned to Mr. Alexander and demanded his billfold, and when Alexander did not immediately comply with his demand, Oliver *898 shot him over his eye. The wound was not fatal, and Alexander then gave up his billfold containing five hundred dollars ($500.00). Oliver then required Pogue to throw up his cap so Oliver could shoot at it. As Oliver and his companion left, Pogue succeeded in getting the tag number of the Chevrolet. Mr. Pogue rushed Alexander to a doctor, and gave the tag number to the sheriff of the county. A check through official channels revealed that the tag number was issued to appellant's wife, Carolyn Oliver, in Lauderdale County, Mississippi. The appellant was arrested and held by the city police until the Sheriff of Clarke County went to Meridian on the Saturday after the robbery and took the prisoner by the home of Wes Alexander where he was promptly identified by Mr. Alexander and Mr. Pogue. At the time Alexander and Pogue gave the description of the automobile to the sheriff, they also described the robber as having long hair. When the appellant was apprehended, he had long hair, but cut it off himself while he was in prison.
The appellant contends that he should be given a new trial because the "in-court identification" was tainted by an illegal out-of-court confrontation of the appellant with the eyewitnesses in such a manner as to be suggestive and prejudicial.
The appellant cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), a federal case tried in the federal court under federal rules, in which the court held that an out-of-court identification lineup without notice to and in the absence of the prisoner's appointed counsel, subsequent to the indictment, but prior to the prisoner's trial was a critical stage in the prosecution's case, and was, therefore, illegal since it was held without his counsel. The case also held that an in-court identification is the result of an out-of-court identification rather than independent knowledge, other than the out-of-court confrontation.
The Wade case was obviously away from the center of the moving trend of the great body of criminal law and as such, was and is subject to constant erosion. The effort to move back toward the center by the courts began immediately. Our own Court began to point out exceptions to the Wade rule, and also the holding in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).
In Poole v. State, 216 So.2d 425 (Miss. 1968) a woman observed strangers moving about the home of a neighbor. She drove her automobile to her neighbor's house where she had a clear view of a man leaving the premises. She gave a description to the police of the person she saw. The next day she was called to the jail where a suspect was brought alone before her. She identified Poole as being the person she observed at her neighbor's home. This Court pointed out that under Wade, supra, it was the duty of the prosecution to "establish by clear and convincing evidence that the in court identifications were based upon observations of the suspect other than the line up identification." (216 So.2d at 427). We held that since the state did not introduce, in direct examination, evidence of the illegal extrajudicial identification by the witness, the per se rule is not in effect as to her testimony.
In Allen v. State, 274 So.2d 136 (Miss. 1973) we held that where one voluntarily entered into a police lineup, Wade did not apply.
In Sanders v. State, 219 So.2d 913 (Miss. 1969) we said that where prior lineup identification was brought out on cross-examination, the per se rule announced in Wade did not apply to the testimony of the witness, since she had an "independent source" by which she could identify the defendant.
In Strickland v. State, 269 So.2d 340 (Miss. 1972) this Court quoted from Poole v. State, 216 So.2d 425 (Miss. 1968) and pointed out that where there was an independent source as a basis for the courtroom identification, the courtroom identification was admissible.
*899 In the case of Chandler v. State, 272 So.2d 641 (Miss. 1973), we pointed out that although a prisoner had been arrested and was in jail and was identified by a city employee as being the suspect, his out-of-court and his in-court identification were admissible since the prisoner was not being held for the crime for which he was being tried at the time the identification was made.
In Auman v. State, 271 So.2d 427 (Miss. 1973) we pointed out that Wade was not applicable to preindictment confrontations, and we cited Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) and Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).
In Kirby, supra, (a state case) the United States Supreme Court held that Wade, supra, did not apply to an identification of an accused at a "police showup" after he was arrested, but before he had been indicted or otherwise properly charged with a criminal offense. The court also included in its opinion the holding in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Kirby leaves no doubt that the court is moving back toward the true magnetic criminal law compass.
In People v. Palmer, 41 Ill.2d 571, 244 N.E.2d 173 (1969) a pretrial identification of a robbery suspect from photographs and by the victim's standing a few feet from the police car in which the suspect was sitting was admissible to allow a courtroom identification. The Supreme Court of Illinois examined the cases of United States v. Wade, supra, and Gilbert v. California, supra, and, after pointing out that these cases were applicable only in post-indictment cases, the court said:
"We reach this decision because of the language of the United States Supreme Court in these cases and in the subsequent case of Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. In Wade, the court stated that the question was `whether courtroom identifications of an accused at trial are to be excluded from evidence because the accused was exhibited to the witnesses before trial at a post-indictment lineup conducted for identification purposes without notice to and in the absence of the accused's appointed counsel.'" 41 Ill.2d at 572, 244 N.E.2d at 174.
The Court also discussed Gilbert, supra, and Simmons, supra, and pointed out that the United States Supreme Court said in Simmons with reference to a lineup case that "The rationale of those cases [Wade and Gilbert] was that an accused is entitled to counsel at any `critical stage of the prosecution' and that a post-indictment lineup is such a `critical stage.'" [41 Ill.2d at 573, 244 N.E.2d at 174-175].
There is a growing list of cases which hold that where a suspect is exhibited to the victim within a short time after a crime is committed without the use of suggestive methods by the police, the out-of-court identification will permit the evidence of an in-court identification. See cases collected Annot., 39 A.L.R.3d 804 (Supp. 1972).
In People v. McMath, 45 Ill.2d 33, 256 N.E.2d 835 (1970), Cert. Den. 400 U.S. 846, 91 S.Ct. 92, 27 L.Ed.2d 83 (1970), where a defendant was arrested by the police shortly after a robbery had been committed and was brought to the victim who identified him by his voice, height and build, the confrontation and identification were admissible in evidence. The court emphasized that prompt identification was necessary to determine whether or not defendant was the offender or whether or not the officers should continue to search for the offender.
Our court has also pointed out in a recent case that where the victim had an ample opportunity to observe the attacker and there was no substantial discrepancy in the pretrial lineup description and the suspect's actual description, there was no failure to identify the suspect on a former occasion, and the lapse of time between the commission *900 of the crime and the identification was only two or three days, the in-court identification was admissible in evidence. Baylor v. State, 246 So.2d 516 (Miss. 1971).
In the instant case the victim and an eyewitness had seen the suspect in an automobile a short time before the robbery. They observed the robber for some time during the robbery, and both witnesses knew the appellant every time they saw him. They described his dress and long hair to the officers and, although there is some discrepancy as to the color of his eyes, there can be little doubt that the out-of-court identification less than four (4) days after the robbery was legal and valid. The cases of Wade, supra, and Gilbert, supra, are not applicable to the facts in this case. The in-court identification was properly admitted in evidence.
The appellant next contends that the lower court erred in overruling appellant's motion to exclude the in-court identification of appellant by an eyewitness by not allowing a hearing on the motion.
The appellant argues that the witness Pogue was permitted to testify that he identified the appellant in court and that the state was not required to show, in the absence of the jury, that his in-court identification was not influenced or tainted by his out-of-court identification at the illegal lineup, when the accused was taken to the home of Mr. Alexander.
This assignment of error and argument thereon is not well taken for the following reasons.
In the first place, the confrontation at the home of Mr. Alexander was not an illegal lineup as shown on the court's discussion of the first assignment of error.
In the second place, the appellant fully developed on cross-examination that the witness Pogue, like Alexander, did have an opportunity to observe the accused on a narrow road a short time before the robbery and also during the robbery, and that he recognized the accused as being the same man who committed the robbery every time he has seen him, including the in-court identification.
Third  at the time Pogue was offered as a witness, the trial judge had previously had an evidentiary hearing to determine whether or not the confrontation at the home of Mr. Alexander was an illegal lineup and, having determined that the confrontation was not illegal, it was a discretionary matter with the trial judge.
We find no error in the trial of this case. The appellant is very fortunate that he was not tried for murder.
Affirmed.
INZER, ROBERTSON, WALKER and BROOM, JJ., concur.