THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE G. REESE, Defendant-Appellant.

Fourth District    No. 16300

Opinion filed January 23, 1981.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Martin N. Ashley and Gary A. Bergschneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On April 1, 1980, defendant, Eddie Reese, was convicted of the offense of criminal trespass to a motor vehicle, following a bench trial in the circuit court of Sangamon County. Defendant was thereafter sentenced to 30 days in jail.

On appeal defendant contends that it was error for the trial court to deny without a hearing defendant's motion to suppress identification. The court ruled that it was not required to suppress a suggestive identification procedure if that procedure was conducted by a private citizen, rather than by the police.

■■ It was error for the trial court to have denied, without a hearing, defendant's motion made at the beginning of trial to suppress the in-court identification of defendant, made on the ground that a suggestive show-up, conducted by a private citizen tainted the in-court identification of defendant. The motion was based on the contention that the identification procedure was suggestive. The court denied the motion stating that if the police had conducted the show-up the motion might have some merit, but where a private citizen conducted the show-up, there was no legal basis to suppress the identification.

This case differs from those cases where the motion to suppress is based on the violation of rights under the fourth and fifth amendments to the constitution. In those cases the suppression of the evidence is a prophylactic measure to discourage the future violation of these rights by law enforcement officials. But where as here the purpose of the suppression is to eliminate evidence because it is lacking in probative value, it is just as lacking when private citizens are involved as when law enforcement officials are involved.

■■ However, the evidence presented at trial can properly be considered

by this court in determining the propriety of the trial court's action in denying defendant's motion to suppress. (*People v. Braden* (1966), 34 Ill. 2d 516, 216 N.E.2d 808.) We conclude that under the circumstances any show-up was not unduly suggestive.

Beverly Smith testified at trial that on March 16, 1980, at approximately 11:50 p.m., she was walking with Raymond Anthony to her car in the parking ramp of the Springfield Hilton. She noticed the lights were on in the car and saw someone getting out of the car. She was approximately 10 to 15 feet from the car at that time. She stated that the person at first crouched down behind the car, then stood up and started to leave, carrying her purse which had been inside the car. She described the man as having blond hair and wearing two jackets, one of which was blue and had a hood. She told a security guard what had happened, and he later found her purse in a garbage dumpster.

Mr. Anthony chased after the man who came out of the car. He testified that the man ran down the ramp, jumped over the railing next to the garbage dump, and then went out the entrance to the garage on Seventh Street. Mr. Anthony followed the man past the Prairie Capitol Convention Center to a grassy area where the man ran to the right and disappeared into the trees. Mr. Anthony found a man among the trees lying on his back, breathing hard and appearing to be tired.

Mr. Anthony stated that the man he had been chasing was wearing a brown hooded jacket and a blue coat and had a ponytail. The man he found fit the description. After a slight struggle Mr. Anthony took defendant to the Springfield Hilton and turned him over to Officer Frank Natale, a security guard for the hotel. Mr. Anthony later identified defendant as the man he saw under the tree.

Ms. Smith testified that she was called to the manager's office after defendant was apprehended. The first time she was able to see defendant's face was while they were in the office. In the office and at trial she identified defendant as the man whom she saw running from her car.

■■ The error in failing to hold a hearing on the motion was cured when the evidence at trial showed that the identification was not impermissively suggestive. It was necessary for Mr. Anthony, a private citizen, to verify whether he had apprehended the right man. Mr. Anthony was able to identify defendant from when he apprehended him. However, the defendant contended that a suggestive show-up was held with regard to Ms. Smith when she was shown defendant at the hotel and asked by Mr. Anthony if defendant was the man she had seen in her car. We conclude that this show-up was not unnecessarily suggestive. Other cases have held that where police have conducted similar show-ups, they were proper investigative conduct, as it was necessary for the police to determine if they needed to continue searching for the criminal. Likewise, Mr.

Anthony needed to determine if he had to continue searching. *People v. Clerk* (1979), 68 Ill. App. 3d 1021, 386 N.E.2d 630; *People v. Lindsey* (1979), 72 Ill. App. 3d 764, 391 N.E.2d 382; *People v. McMath* (1970), 45 Ill. 2d 33, 256 N.E.2d 835.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WEBBER and MILLS, JJ., concur.