INGRAM, Justice.
The petitioners seek a writ of mandamus directing the Mobile Circuit Court to set aside certain of its rulings and to stay all proceedings in that court until resolution of an allegedly identical lawsuit pending in a superior court of the State of California.
The petitioners, defendants below, are the primary and excess insurance carriers that issued insurance policies to the respondents, Cooper/T. Smith Stevedoring Company, Inc. (“Cooper/T. Smith”), and Pate Stevedore Company of Mobile (“Pate”). Cooper/T. Smith, a Louisiana corporation with its principal place of business in Mobile, Alabama, and Pate, whose principal place of business is also located in Mobile, sued the petitioners in the Mobile Circuit Court, seeking, among other things, a declaratory judgment regarding coverage under insurance policies issued to them by the petitioners. Cooper/T. Smith and Pate each owns 50 percent of the stock of Paco Terminals, Inc. (“Paco”), a California corporation that conducted a stevedoring business at a site in California from October 1, 1978, through January 31, 1988. Paco leased the 24th Street Marine Terminal in National City, California, from the San Diego Unified Port District. Paco’s operations at the 24th Street Terminal included the receiving, handling, and loading of copper concentrate for several mining corporations. The operations involving copper concentrates began in March 1979 and continued through December 1986.
In July 1985, the California Regional Water Quality Control Board (“Regional Board”) notified Paco of alleged copper contamination of the San Diego Bay in and *890 around the vicinity of Paco’s operations at the 24th Street Terminal. Subsequently, the Regional Board issued a “Cleanup and Abatement Order” requiring Paco to arrange remedial action alternatives for cleaning up the copper contamination. Throughout 1986 and 1987, Paco attempted to respond to the Regional Board’s order and to resolve the Regional Board’s claims against Paco.
In the spring of 1988, Paco retained legal counsel to represent it in connection with its attempts to obtain coverage, indemnity, and a defense from its insurers with respect to the Regional Board’s claims. A meeting was held for all insurers who had issued coverage to Paco for the period in question. Following that meeting, Employers Insurance of Wausau, and the other companies that join Wausau in its petition in this Court, filed a complaint for a declaratory judgment in the United States District Court for the Southern District of Alabama against Paco and against Cooper/T. Smith and Pate.
On August 12, 1988, Paco filed an action in the Superior Court of San Diego County, California, against all insurers providing coverage to Paco during the period in question. Paco sought coverage, indemnity, and a defense against the claims of the Regional Board against Paco. Paco then filed a motion to dismiss or, in the alternative, to stay the action pending in the federal court in Alabama. Thereafter, the United States District Court for the Southern District of Alabama entered a judgment dismissing Wausau’s suit.
Paco also filed suit in a federal court in California against the mining corporations for which it had conducted stevedoring operations at the 24th Street Terminal and against the manufacturer of the equipment that was used to load the copper concentrate. The mining corporations filed counterclaims against Paco and against Cooper/T. Smith and Pate as shareholders of Paco.
In February 1989, the Regional Board added the San Diego Unified Port District as a responsible party to its prior cleanup and abatement order regarding the 24th Street Terminal. Subsequently, Paco sued the Port in a federal court in California, and the Port counterclaimed against Paco. In December 1989, the Port amended its counterclaim to include Cooper/T. Smith and Pate in their capacities as shareholders of Paco. In January 1990, Cooper/T. Smith and Pate tendered the defense and indemnity of those claims to its insurers, and the tenders were either ignored or denied.
On December 17, 1990, Cooper/T. Smith filed suit in the Mobile Circuit Court against the petitioners, seeking a judgment requiring the petitioners to indemnify it and to provide for its defense in the pending lawsuits. It also brought a claim for bad faith against these petitioners in the Mobile Circuit Court. Pate filed an identical suit in the same court. In March 1991, the petitioners filed, in the Mobile Circuit Court, a joint motion to dismiss or, in the alternative, to stay the action pending in that court. The petitioners filed a brief in support of their motion on April 3, 1991. At that time, the petitioners also filed a motion for an immediate hearing on the motion to dismiss or, in the alternative, to stay, and a motion to stay discovery pending a ruling on the jurisdictional motions. On that same day, the Superior Court of San Diego County, California, granted a temporary restraining order concerning Cooper/T. Smith and Pate’s requests for privileged documents from the petitioners in the case.
However, at an April 9 hearing on motions to compel discovery filed by Cooper/T. Smith and Pate, the Mobile Circuit Court advised counsel that the California order was invalid. The court also ordered that “counsel for all parties [to] these proceedings immediately commence all discovery proceedings which they deem necessary and appropriate for resolution of the issues in this litigation, and that such discovery be concluded no later than September 15, 1991.” The order also set the case for trial in the Mobile Circuit Court on Monday, October 21, 1991. The case in the California state court had previously been set for trial on November 4, 1991.
*891 On April 12, 1991, four days after the Mobile Circuit Court’s order to proceed, the petitioners filed their briefs and exhibits in the California court, seeking an anti-suit injunction against the Alabama litigation. On May 14, 1991, following a hearing on that injunction, the California court enjoined Cooper/T. Smith and Pate from proceeding against any of the defendant insurers in the Alabama courts.
Meanwhile, on April 29, 1991, the Mobile Circuit Court entered an order denying the petitioners’ motion to dismiss or, in the alternative, to stay. The petitioners filed, on May 24, 1991, a motion for reconsideration of the order denying the motion to dismiss or, in the alternative, to stay. The petitioners also renewed their motion to stay the lawsuit, based upon principles of comity, in light of the injunction that was entered by the California court on May 14, 1991.
At a status conference in the Mobile Circuit Court on May 30, 1991, the court advised the petitioners that their actions in seeking the injunction against the plaintiffs through the court in California were in direct violation of its April 9 order to proceed and that they were in contempt of that order. The Mobile Circuit Court ordered the petitioners to secure the release of the injunction by noon on Wednesday, June 5, 1991. Otherwise, the court indicated that it would enter defaults against the petitioners, assess sanctions, and order Cooper/T. Smith and Pate to prove their damages against the petitioners.
On May 31, 1991, the petitioners filed a motion to reconsider the order denying the motion to stay the Alabama litigation in light of the injunction obtained in California. In addition, the petitioners filed a motion to stay the case pending appeal to this Court. The Mobile Circuit Court denied both motions. Also on May 31, 1991, the petitioners requested a conference before the California court to seek a partial lifting of its injunction so that the petitioners could seek review of the Mobile Circuit Court’s rulings by this Court. In response to the petitioners’ request, the California court entered an order partially lifting its injunction to allow the petitioners to file mandamus petitions in this Court. Their petitions were, thereafter, filed here.
There are two issues raised in these mandamus petitions. The first issue, as phrased in Wausau’s petition, is whether this Court should mandate that comity be granted the anti-suit injunction entered by the superior court of the State of California and order the Alabama litigation stayed. The second issue is whether the writ of mandamus is due to issue to the Mobile Circuit Court, directing it to vacate its prior orders and to dismiss the underlying suits based upon the doctrine of forum non con-veniens.
Before turning to our analysis of the issues before us, we note that mandamus is an appropriate remedy when there is a clear showing that the trial court abused its discretion by acting in an arbitrary and capricious manner. Ex parte Rogers, 533 So.2d 245 (Ala.1988). However, mandamus is a drastic and extraordinary writ that will not be issued unless the petitioner has a clear and indisputable right to a particular result. Ex parte Rudolph, 515 So.2d 704 (Ala.1987).
I.. Comity
The petitioners argue that the Mobile Circuit Court should have granted comity to the anti-suit injunction entered by the California state court and that it should have stayed the Alabama litigation. The petitioners assert that the Mobile Circuit Court’s denial of their motion to stay based on principles of comity amounts to an abuse of discretion by that court and that the writ of mandamus is, therefore, due to be issued. However, we pretermit as moot a decision on the merits of the comity issue because of recent action by a California appeal court.
On October 8, 1991, two days before these petitions were argued before this Court, a district court of appeal of the State of California ruled that the superior court had abused its discretion in enjoining the parties to the litigation in the California state court from pursuing litigation in Alabama. The California District Court of Ap *892 peal, therefore, dissolved the injunction. Because the injunction to which the petitioners asked this Court to grant comity is no longer in effect, we hold that the issue is not presently justiciable.
We do note that the petitioners, in a supplemental brief filed in this Court subsequent to the California District Court of Appeal’s ruling, argue the more general issue of whether the Mobile Circuit Court abused its discretion in refusing to apply the comity doctrine to stay the Alabama litigation in order to avoid duplicative litigation of the issues pending in the California state court. However, we find no merit in this aspect of the petitioners’ argument.
The California litigation was filed by Paco, based upon its claims for defense and coverage regarding the cleanup. The Alabama litigation was filed by Paco’s shareholders, Cooper/T. Smith and Pate, and involves claims against the petitioners for defense and coverage and for damages for bad faith because of the petitioners’ having refused coverage. The Alabama litigation is based on the petitioners’ denial of Cooper/T. Smith and Pate’s independent claims, not the denial of Paco's claims. Cooper/T. Smith and Pate, who both have their principal places of business in Mobile, properly filed suit in Alabama, and the Alabama litigation was pending when the petitioners joined Cooper/T. Smith and Pate in the California litigation. Therefore, we find no abuse of discretion by the trial court in its refusal to stay the Alabama litigation based upon comity principles.
II. Forum non conveniens
The second issue raised in these petitions for the writs of mandamus, is whether the Mobile Circuit Court abused its discretion in refusing to dismiss this lawsuit based upon the doctrine of forum non conveniens. The petitioners argue that that doctrine, as codified at § 6-5-430, Ala. Code 1975, should apply and should result in the dismissal of the suits against them.
Essentially, the doctrine of forum non conveniens
“allows a court, which has jurisdiction and which is located where venue is proper, to refuse to exercise its jurisdiction when, in the interest of the parties and witnesses, and in the interest of justice and judicial economy, the case could be more appropriately tried in another forum. The prevailing question of whether a case should be entertained or dismissed ‘depends largely upon the facts of the particular case and is in the sound discretion of the trial judge.’ Restatement (Second) of Conflict of Laws § 84 at 251 (1971).”
Ex parte Auto-Owners Ins. Co., 548 So.2d 1029, 1032 (Ala.1989).
While the doctrine of forum non conve-niens has been followed in other jurisdictions for a number of years, the doctrine is still relatively new to Alabama law. Id. The doctrine was not available in Alabama until the adoption of a 1987 amendment to § 6-5-430. Id.
Section 6-5-430 presently provides;
“Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort, has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more, appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice.”
Section 6-5-430 requires the courts of this state to apply the doctrine of forum non conveniens in determining whether to ac *893 cept or decline to take jurisdiction of any action based upon a claim arising outside the state. Ex parte Southern Ry., 556 So.2d 1082 (Ala.1989). Therefore, our first inquiry is to determine whether Cooper/T. Smith and Pate’s claims arose outside Alabama. § 6-5-430; Ex parte Ford Motor Credit Co., 561 So.2d 244 (Ala.Civ.App.1990).
When dismissal of an action is sought pursuant to § 6-5-430, the party seeking dismissal has the burden of establishing, as a factual matter, that the claim arose outside the State of Alabama. Id. The Mobile Circuit Court’s determination of the situs of the claim, either inside or outside the state of Alabama, is a factual determination left to that court’s discretion. Id.
While the Mobile Circuit Court in the present case made no specific findings of fact in denying the petitioners’ joint motions to dismiss or, in the alternative, to stay the Alabama litigation, we find no abuse of discretion in a conclusion that the claim in this case did not arise outside the State of Alabama.
The claims giving rise to the actions filed by Cooper/T. Smith and by Pate in Mobile Circuit Court involve the alleged refusal of the petitioners to provide coverage to Cooper/T. Smith and Pate, as shareholders of Paco, under policies issued to Cooper/T. Smith and Pate. The California litigation regarding Paco’s claims against the petitioners is altogether separate from the Alabama litigation regarding Cooper/T. Smith and Pate’s independent claims under policies issued to them.
It appears that the policies at issue in this case were purchased, and that the premiums were paid, from the offices of Cooper/T. Smith and Pate in Mobile, Alabama, and that many of the policies were purchased by Cooper/T. Smith and by Pate through W.K.P. Wilson, now Corroon & Black W.K.P. Wilson, an insurance agency located in Mobile, Alabama. Once Cooper/T. Smith and Pate were sued in their capacities as shareholders of Paco and the petitioners either declined to defend or ignored Cooper/T. Smith and Pate’s tender of their defense, Cooper/T. Smith and Pate gained their own claims under the insurance policies issued by the petitioners, which they then properly pursued in Alabama. Furthermore, Cooper/T. Smith and Pate made the tender of their claims for coverage, defense, and indemnity to the petitioners from Alabama.
In view of the facts that were before the Mobile Circuit Court when it ruled on the petitioners’ joint motions to dismiss or to stay, and in view of the arguments made to that court by the parties, we find that the petitioners failed to carry their burden of showing that the claims of Cooper/T. Smith and of Pate for coverage, indemnity, and a defense pursuant to the insurance contracts in question arose outside the State of Alabama. Accordingly, we hold that § 6-5-430 is inapplicable in this case, and we find no abuse of discretion by the Mobile Circuit Court.
The petitions for the writs of mandamus are due to be, and they are hereby, denied.
WRITS DENIED; EMERGENCY MOTION DENIED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.[1]