BRIDGES, C.J.,
for the Court:
¶ 1. Francis Grayson was convicted in the Circuit Court of Jones County on September 26, 1997, of the sale of cocaine and was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections with five years suspended and a fine of $1000. Aggrieved, Grayson appeals raising the following issues taken verbatim from her brief:
I. THE COURT ERRED IN NOT QUASHING THE JURY PANEL, AND IN MAKING GRAYSON CHOOSE FROM “SECONDS.”
II. THE COURT ERRED IN ALLOWING THE DISTRICT ATTORNEY TO PEREMPTORILY STRIKE TWO BLACK JURORS BASED ON A RESPONSE FROM A QUESTION NOT ASKED IN VOIR DIRE.
Finding no error to the issues raised, we affirm.
FACTS
¶ 2. On May 13, 1997, Grayson was indicted and charged with the sale of a controlled substance pursuant to Miss.Code Ann. § 41-29-139(a)(l) (Rev.1993). According to the testimony, an undercover agent went to the New Laurel Motel and purchased $40 worth of crack cocaine from Grayson.
¶ 3. At trial, Grayson objected to the jury panel during the beginning of voir dire claiming that the panel was “thin” as far as members of her race were concerned since an earlier trial also chose jurors from the same panel. The court overruled the objection and later stated the following for the record:
The Court, on further observation, makes this finding that when we started this morning we had thirteen black jurors and one of the Asian ... or a lady from the Philippines. When we started the — when we selected that jury, five of those black people were selected to try that case, or was selected on that jury to try that case. And also I believe the Asian woman was on that jury, which leaves eight black jurors, I believe, on this jury out here to be selected today. So I don’t find that the black representation, or composition, of this jury has been — I don’t think there is a disproportionate amount now than there was then....
The State then peremptorily struck Frederick McRae and Dorothy Pollard, and the court accepted the challenges. Grayson was ultimately convicted of the sale of cocaine and sentenced to fifteen years in the Mississippi Department of Corrections with five years suspended and fined $1000. Aggrieved, Grayson has perfected this appeal.
ARGUMENT AND DISCUSSION OF LAW
I. WHETHER THE COURT ERRED IN REFUSING TO QUASH THE JURY PANEL.
¶ 4. Grayson argues on appeal that she was denied a fair trial since she was forced to pick a jury from a pool of venire that had already been used in selection of another jury for a trial earlier in the week. Grayson contends that the jury failed to *396 reflect the racial makeup of Jones County since several blacks were chosen for an earlier trial. Grayson made a motion to quash the entire jury panel, but the trial judge denied it.
¶ 5. In Batson v. Kentucky, 476 U.S. 79, 88, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court stated the following:
Thus, the Court has found a denial of equal protection where the procedure implementing a neutral statute operated to excuse persons from the venire on racial grounds, and has made clear that the Constitution prohibits all forms of purposeful discrimination in selection of jurors. While decisions of this Court have been concerned largely with discrimination during selection of the veni-re, the principle announced there also forbid[s] discrimination on account of race in selection of the petit jury.
¶ 6. After careful review of the record, it appears that the veniremen were randomly selected without any notice that the prospective jurors were either white or black. Thus, were this the sole argument on the issue, we would summarily deny the assignment of error, but Grayson argues that the stages of petit jury selection are tainted and prejudicial due to the minimal amount of black members available to serve on juries after an earlier trial. Grayson contends that she literally got “seconds” or “leftovers” to choose from, and therefore, her motion to quash should have been granted. Grayson argues that there was no reason why she “could not choose from the entire jury panel just as the trial ahead of her did by starting her voir dire on Thursday, the day of her trial.” The United States Supreme Court has not guaranteed such.
[I]n holding that petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonable representatives thereof.
Taylor v. Louisiana, 419 U.S. 522, 538, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) (citations omitted). Further, Mississippi law is clear on this point. “Proportional representation of the races on a jury is not required.” Dorsey v. State, 243 So.2d 550, 552 (Miss.1971). What is required is that county officials must see to it that juries are selected, in fact and in good faith, without regard to race. Id.
¶ 7. In the case sub judice, there is no allegation that the jury did not reasonably reflect a cross section of the community. This is all the law requires; it does not guarantee the appellant a jury with members of his own race. Booker v. State, 449 So.2d 209, 215 (Miss.1984). Therefore, this assignment of error is without merit.
II. WHETHER THE COURT ERRED IN ALLOWING THE STATE TO PEREMPTORILY STRIKE TWO JURORS.
¶ 8. Grayson argues on appeal that the court erred in allowing the State to peremptorily strike two black jurors based on their failure to respond to questions that were never actually asked during voir dire. Specifically, Grayson argues that the State moved to peremptorily strike Frederick McRae on the grounds that he did not respond to a question on whether he had ever had a case or had one currently pending in the prosecutor’s office or before the court. Grayson contends that this question was never asked during voir dire. The State contends that McRae had a possession of cocaine charge and an investigation pending. Furthermore, the State contends that two officers were ready to testify that McRae did in fact know Grayson even though he failed to respond when asked if anyone knew her. *397 Grayson argues that the information from the officers would have been inadmissible as hearsay. Grayson’s objection was overruled, and McRae was peremptorily struck from the jury.
¶ 9. Dorothy Pollard was also struck since she failed to reveal when asked that her immediate family had cases pending in the prosecutor’s office. Grayson argues on appeal that the State had failed to actually ask the venire about any cases pending. Moreover, Grayson contends that the State failed to show how she was related to the parties in question, and therefore, Ms. Pollard should not have been struck from the jury.
¶ 10. Two methods exist to enable a prosecutor or a defendant to challenge a prospective juror. The first method is a challenge for cause based on a specific reason that the judge must find to be legally sufficient. The second method, which necessarily involves a Batson challenge, is a peremptory challenge based on a statutory privilege to remove an otherwise statutorily qualified potential juror. Historically, a peremptory challenge could be exercised without reason, inquiry, or being subject to a court’s control. Swain v. Alabama, 380 U.S. 202, 220, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), overruled by Batson, 476 U.S. at 79, 106 S.Ct. 1712.
¶ 11. The Mississippi Supreme Court has established the following standard of review to which this Court must adhere when it reviews an allegation of error based on Batson:
[A] reviewing court should give the trial court “great deference.” “Great deference” has been defined in the Batson context as insulating from appellate reversal any trial findings which are not clearly erroneous.
[[Image here]]
[A] trial judge’s factual findings relative to a prosecutor’s use of peremptory challenges on minority persons are to be accorded great deference and will not be reversed unless they appear clearly erroneous or against the overwhelming weight of the evidence. This perspective is wholly consistent with our unflagging support of the trial court as the proper forum for resolution of factual controversies.
Lockett v. State, 517 So.2d 1346, 1349-50 (Miss.1987) (citations omitted).
¶ 12. Under Batson, in order for the defendant to raise a prima facie case that the prosecution has improperly struck a potential juror on the basis of race, it must be shown (1) that he is “a member of a cognizable racial group,” and that the prosecution has “exercised peremptory challenges to remove from the venire members of the defendant’s race”; (2) that the defendant is entitled to rely on the fact that peremptory challenges allow “those to discriminate who are of a mind to discriminate”; and (3) that “these facts and any other relevant circumstances raise an inference that the [State] used that practice to exclude the veniremen from the petit jury on account of their race.” Batson, 476 U.S. at 96, 106 S.Ct. 1712. The trial court should consider all relevant circumstances in determining if the defendant has made the requisite prima facie showing of discrimination. Id. If the trial court determines that the defendant has made a prima facie showing of discrimination, the burden then shifts to the State to announce race-neutral reasons for the exclusion of those people from the venire. Id. at 97,106 S.Ct. 1712.
¶ 13. Additionally, the defendant is allowed to rebut the reasons which have been offered by the State. Bush v. State, 585 So.2d 1262, 1268 (Miss.1991). However, if the defendant offers no rebuttal, the trial court is forced to examine only the reasons given by the State. Id. The trial court must determine whether a discriminatory intent is inherent in the State’s explanation. Lockett, 517 So.2d at 1350. Additionally, the court must make an on-the-record factual determination of the merits for each of the State’s race-neutral reasons for exercising peremptory chai- *398 lenges against potential jurors. Hatten v. State, 628 So.2d 294, 298 (Miss.1993). Hatten stated that once the State announces its race-neutral reason for exercising its peremptory challenge, the trial judge,
in determining which explanations are sufficiently race-neutral and which are not, should give an equally “clear and reasonably specific” explanation for his ruling. As we also stated in Lockett, “[t]his perspective is wholly consistent with our unflagging support of the trial court as the proper forum for resolution of factual controversies.”
Id. at 299 (quoting Lockett, 517 So.2d at 1350). When such a determination is made by the trial court, appellate reversal will not occur unless the trial court’s findings are clearly erroneous or against the overwhelming weight of the evidence. Bounds v. State, 688 So.2d 1362, 1367 (Miss.1997). “Race-neutral explanations satisfy Batson, but only when they are not a smoke screen which a party is exercising to mask a discriminatory challenge.” Griffin v. State, 607 So.2d 1197, 1203 (Miss.1992). One of the reasons the trial court is granted such deference when a Batson challenge is raised is because the demean- or of the attorney making the challenge is often the best evidence on the issue of race neutrality. Hernandez v. New York, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). The credibility of the one making the challenge is often decisive. Id.
¶ 14. In the case sub judice, Grayson wants this Court to reverse based solely on the fact that two blacks were peremptorily struck from the jury. However, after Careful review of the record, it is apparent that Grayson never even raised the Batson challenge during voir dire. Instead, Grayson mistakenly argues that the State failed to ask the questions that they were attempting to use in order to strike both McRae and Pollard as jurors.
¶ 15. In order to establish a prima facie case the defendant must establish
three factors as outlined above. Grayson is a black female and is therefore a member of “a cognizable racial group.” In addition, McRae and Pollard who were stricken were both black also. Thus, Grayson had standing to challenge the exclusion of prospective black jurors. Finally, the facts and circumstances must raise an inference that the prosecutor used her peremptory challenges for the purpose of striking minorities. The record clearly shows that the State did not peremptorily strike several blacks and that the jury was finally empaneled consisting of whites and several blacks.
¶ 16. It is this Court’s finding that Gray-son failed to establish a prima facie case against the State. Assuming that Grayson has satisfied the first two prongs of Batson by establishing that she was black and that the prosecutor used the challenges to strike members of the black race, the defendant has not demonstrated that the prosecution used these challenges to purposely exclude venire persons McRae and Pollard for the mere fact that they are black. In fact, these two individuals were excluded for failing to respond to the court’s questions. The following dialogue occurred, in pertinent part, when the court was questioning the venire:
All right. Did someone else raise their hand in this matter about knowing her or having any association with Ms. Gray-son?
(No Response)
[[Image here]]
Is there anything else that any of you need to let us know at this time about your relationship or association with the District Attorney’s office?
(No Response)
[[Image here]]
Okay. Anyone else have anything as far as the DA’s office now that you need to apprise us of before we go to the next table?
(No Response)
[[Image here]]
*399 Have any of you had any experiences, either yourself or in your family, with drugs?
[[Image here]]
But I am asking you, from the standpoint of drugs, if any of you have been involved, in the ways that I have named, with drugs at any time, you or your immediate family. Anyone?
(No Response)
[[Image here]]
I think the District Attorney has covered the question earlier this morning for this trial about whether anybody— and asked it in two or three ways so, I guess, if you had an answer and wished to approach the bench, nobody would know which question you were answering — had a close family member or themselves that perhaps abused a controlled substance and needed treatment, a drug problem?
(No Response)
¶ 17. Grayson attempts to argue that the State never offered the court any proof on the record as to whether McRae really knew Grayson, whether McRae did indeed actually have a ease pending in the district attorney’s office, or whether Pollard really was related to two other individuals who had charges in the prosecutor’s office. The State responds by citing to Smith v. State, 590 So.2d 888, 390 (Ala.Cr.App.1991), where the Alabama court stated that a prosecutor “may strike from mistake, as long as the assumptions involved are based on an honest belief and are racially neutral,” regardless of how the information is obtained. Further, a prosecutor may obtain information from sources other than through voir dire. Id.
¶ 18. This Court agrees with the State’s argument and further cites to Lockett, where the Mississippi Supreme Court stated:
On a separate but related point, Appellant contends that no racially neutral reason may be given by the prosecutor, at the time he would be dictating those into there cord out of the presence of the jury, unless the prospective jurors are questioned about those particular aspects in the courtroom in the presence of other jurors and a record made. We reject this approach. The Supreme Court in Batson declined to express any views on the techniques used by lawyers seeking to obtain information about the community in which the case is to be tried, or more particularly about the age, education, employment, and economic status of prospective jurors. We decline to set any limits on the prosecutor’s use of any legitimate informational source heretofore or hereafter available as to jurors, as a racially neutral ground to make a peremptory strike, as long as the source of the information and the practice itself are not racially discriminatory.
Lockett, 517 So.2d at 1352-53 (citations omitted).
¶ 19. Grayson failed to establish any inference of purposeful racial discrimination. She did not even claim in court that there was any type of pattern being formed. Even though the State went ahead and gave its race-neutral reasons for excluding the two black individuals, they were not required to do so. “The law does not proscribe the mere incidental exclusion of blacks from a jury.” Govan v. State, 591 So.2d 428, 430 (Miss.1991). When we review the record of this matter as a whole there is simply an absence of any facts or circumstances which would tend to show that the prosecution excluded jurors on account of their race; thus, Grayson’s Bat-son claim must fail. This issue is without merit.
¶ 20. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT OF THE CONVICTION OF SALE OF COCAINE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS *400 APPEAL ARE TAXED TO JONES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
IRVING, J., NOT PARTICIPATING.