GRIFFIN, J.
V.J. Usina Contracting, Inc. [“Usina”] appeals a summary final judgment entered in favor of Post, Buckley, Schuh & Jerni-gan, Inc. [“Post Buckley”], one of three defendants below. Because we agree with the lower court that the claims are time barred, we affirm.
This case arises out of Putnam County’s [“County”] attempt to close a portion of the County’s central landfill. After the County had a dispute with an earlier contractor and consulting engineer, the Post Buckley engineering firm was brought into the project. Post Buckley redesigned the landfill closure, prepared contract documents, and then let the project out for bids. Usina submitted the low bid and was awarded the contract on December 15, 1992.
Usina’s bid was allegedly based on the assumption that it could use “Matthews” clay in constructing the liner. This was a local clay source close to the landfill site. *986 Technical specifications for the clay to be used — e.g., the moisture and density requirements- — had been set by Post Buckley. Usina was aware prior to submitting its bid that Matthews clay did not conform in all respects to the clay liner specifications set by Post Buckley. However, Usi-na asserts that it had been told by Post Buckley that it would modify the moisture and density requirements of the clay liner so that Matthews clay could be used for closing the landfill. When Usina brought Matthews clay onto the project site, the clay was rejected by the firm which had been hired by the .County to provide soil testing services because its moisture and density did not meet the specifications written by Post Buckley. Post Buckley also refused to change the contract requirements.
To maintain progress, Usina was forced to import clay from a distant source but the cost of using the new clay became prohibitive. Faced with defaulting on its contract, Usina entered into negotiations with Post Buckley and the County, resulting in an addendum to Usina’s contract with the County, giving Usina an extension of time to complete the project and permission to use the Mathews clay.
Usina brought three separate actions in connection with the landfill project. It brought an action for damages against Putnam County on September 27, 1995. On September 18, 1997, nearly two years after bringing the initial suit, Usina filed a new and separate action against Post Buckley. On that same day, Usina filed a third suit against the soils testing engineer.
Usina asserted two claims against Post Buckley. The first was a claim for Post Buckley’s negligent provision of professional engineering services to the County, which relied on A.R. Moyer, Inc. v. Graham, 285 So.2d 897 (Fla.1973). The second was a claim for negligent misrepresentation. Usina alleged that Post Buckley had represented in a pre-bid meeting of the project that a certain local clay had been used on the project previous to Usi-na’s involvement and had been found to be acceptable for use as a clay liner. Usina further alleged that it had determined that the clay previously used was “Mathews” clay, and that Post Buckley had represented that if the “Mathews” clay was used, it would be accepted by Post Buckley.
Post Buckley moved for summary judgment on the claims. The court ruled that Usina’s action was barred by the four-year limitations period, finding that Usina was “specifically aware of the underlying factual basis for its claims against Post Buckley as late as July, 1993 but certainly no later than August 9, 1993” and that this knowledge met the’ discovery aspect of either section 95.11(3)(a) or (c), Florida Statutes. Second, the court held that Usina did not have a cause of action for professional negligence against Post Buckley under Moyer, either because the Moyer exception to the economic loss rule no longer exists or because Post Buckley did not have the requisite control of the project to qualify for the limited exception to the economic loss rule outlined in Moyer. Although the court did not specifically refer to the negligent misrepresentation count in granting Post Buckley’s motion, the court entered final summary judgment on all claims in favor of Post Buckley by order dated April 20,1999.
Usina urges that, because its claim arises out of the design, planning or construction of an improvement to real property, the statute of limitations did not begin to run until the date Usina completed its construction contract with the County, which was April 15, 1994, making the action timely filed within the four-year limitations period. Usina concedes that it knew about the Post Buckley conduct of which it complains by August 1993.
Nomenclature aside, the crux of both counts of Usina’s complaint is that Post Buckley represented that it would permit “Mathews” clay to be used in constructing the liner, then refused to alter the specifi *987 cation to permit Usina to use ‘Matthews' clay, which damaged Usina by making it more expensive for Usina to properly perform its own contract.[1] As such, this is not an action “founded on” Post Buckley’s defective “design,” “planning” or “construction” of an “improvement” to real property. The context of the claim may be a construction project but the foundation for the claim is the misrepresentation tort. It would be unwise for the courts of Florida simplistieally to incorporate such a claim into Florida’s construction law.
AFFIRMED.
THOMPSON, J., concurs.
W. SHARP, J., concurs in result only.

. We also agree with the lower court that Count 1 does not state a cognizable claim for professional negligence even though the trial court was wrong about the economic loss rule.